2006 VT 75

**In re Appeal of Robert and Muriel GRIFFIN**

[904 A.2d 1217]

Nos. 05-240 & 05-360

¶ 1. July 26, 2006. The subject of these consolidated appeals is a written decision from the Town of Fayston Zoning Board of Adjustment [ZBA] granting the application for conditional use approval of a home occupation, with conditions, for landowners Robert and Muriel Griffin [the Griffins], as affirmed by the Vermont Environmental Court. Although the landowners obtained the approval they sought, they contest conditions of approval that prohibit storage of business-

related materials and construction and excavation equipment on the site. They argue that: (1) the Town of Fayston should be estopped from requiring the conditions because a previous town zoning administrator asserted that no permit was necessary for the materials and equipment; and (2) the ZBA's failure to render a decision within sixty days means that the Griffins' permit application, including the right to store construction material and equipment, is deemed to be approved. We affirm.

¶ 2. The Griffins run a family-owned construction and excavating company, called Griffin & Griffin Excavating, Inc., out of their home at 1909 Airport Road in Fayston. Previously, in 1995, the Griffins' son received a home occupation permit to establish a home office for Griffin & Rutledge Construction Co. at the Griffins' family home. Later, the Griffin & Griffin excavating company was incorporated. The Griffin & Rutledge business stopped when the Griffins' son died. The Griffins did not try to transfer the Griffin & Rutledge permit to the excavating company or obtain a new permit for that business.

¶ 3. The Griffins' home is located on a 3-acre parcel of property in the Rural Residential zoning district. In 2000, they began purchasing equipment for the excavating company. At the time of the ZBA proceedings, they owned two dump trucks, a trailer, two pick-up trucks, a backhoe, a Cat Skidsteer, and a bucket loader. One of the pick-up trucks, the Skidsteer, and the two dump trucks are stored at the Griffins' residence; the rest of the equipment is moved between the construction sites and gravel pits directly, with occasional storage at the residence. The Griffins have also kept relatively small piles of stone and sand at their residence. In late 2001 or early 2002, Muriel Griffin asked the former town zoning administrator if the Griffins needed to apply for their own home occu-

pation permit because the previous permit for Griffin & Rutledge had been issued to their son. The zoning administrator told them they did not need to apply for a new permit. He told them they could store excavating equipment on the site at the residence, but the piles of sand and gravel should be used up and could not be visible to neighbors.

¶ 4. In the spring of 2003, the Griffins applied for and received a permit to construct a garage to be attached to their house by a breezeway in order to store and service their excavation equipment at their residence. They have not built the garage.

¶ 5. In September 2003, the previous zoning administrator left and the present administrator took his place. She conducted a site visit at the Griffin home and spoke with the Griffins about the equipment and materials on the property and their belief that the placement of these materials was covered by the Griffin & Rutledge home occupation permit. In December, she sent the Griffins a letter headed "WARNING concerning home occupation at 1909 Airport Road." The warning stated that the Griffin & Rutledge permit "does not extend to the excavating business of Griffin & Griffin," and therefore that "in order for Griffin & Griffin to operate out of your home, you need your own home occupation permit." It went on to give the Griffins thirty days to submit their application for a home occupation permit or to cease operation.

¶ 6. The Griffins then submitted an application to the ZBA for approval of a home occupation at their existing residence. According to the town zoning ordinance, a home occupation is a "minor portion of dwelling or accessory building by the residents for an occupation which is appropriate to a residential area and does not change the character thereof," Town of Fayston Zoning Ordinance § 3.1, and "may be used for an occupation in accordance with the following regula-

tions, upon Board of Adjustment approval as a conditional use," *id.* § 5.2. The pertinent regulations include that "[n]o materials or equipment are stored outside the building nor are there any other exterior indications of the home occupation," *id.* § 5.2.2, and that "[n]o materials or mechanical equipment shall be used which will be detrimental to the residential character of the dwelling or adjoining dwellings because of vibration, noise, dust, smoke, odor, heat, glare, ... or other undesirable factors," *id.* § 5.2.3. In accordance with the ordinance, the Griffins submitted to the ZBA an application for a conditional use permit for a home office for the excavating company. The application did not mention the storage of materials or equipment.[1]

¶ 7. The ZBA considered the Griffins' application at a public hearing held on February 12, 2004. Much of the hearing addressed the company's outdoor activities, the storage on the property of business equipment and materials, and the business hours of operation. On March 11, 2004, the ZBA deliberated on the Griffins' home occupation permit; on March 24, the zoning administrator circulated a draft decision approving the permit with conditions. At its April 8,

2004, meeting, the ZBA unanimously voted to "accept the draft notice of decision concerning Robert and Muriel Griffin['s] application ... for a home occupation." On May 1, 2004, the ZBA chair signed a written decision and mailed it to the Griffins.

¶ 8. In its decision, the ZBA made findings of fact, which included that "business-related equipment is currently stored outside the home" and that this material is "detrimental to the residential character of the neighborhood." The ZBA also found that "materials, such as stone and sand [are] stored outside the home, which provide an exterior indication of the home occupation" but noted that the Griffins "testified that these materials will be removed shortly." Ultimately, the ZBA approved the home occupation but imposed two conditions on the approval:

> 1) No business related materials, including sand, stone, gravel, etc., may be stored on the applicant's residential property.
>
> 2) No construction or excavation equipment, including but not limited to backhoes, front end loaders, bulldozers, trailers, flatbed trailers, dump trucks, excavators, bobcats, fuel tanks, and skid tanks may be stored or maintained on the applicant's residential property, with the exception of up to two personal/business use trucks under 10,000 lbs. gross vehicle weight (GVW).

¶ 9. The Griffins filed a timely appeal of the ZBA decision to the Environmental Court, claiming that the permit was deemed approved because the ZBA decision was issued beyond the statutory time limit. They also claimed that the Town was equitably estopped from add-

---

[1] The Griffins assert that the only point of the application, in terms of what was allegedly known to be the only item at issue with the new zoning administrator, was to allow the storage of equipment and materials, but the form had no place to make this request. As part of their deemed-approval claim, they argue that the permit that must be deemed to be approved necessarily includes storage of material and equipment. Because we conclude that no permit was deemed to be approved, we do not discuss the Griffins' argument about the inadequacy of the Town's form.

ing to the approval of the permit prohibitions on storage or materials and equipment because the former zoning administrator had approved such storage. At the same time, as an alternative to their appeal, they filed a complaint for a declaratory judgment, alleging that because the permit approval issued more than sixty days after the public hearing, it was in violation of 24 V.S.A. § 4407(2) and, as a result, they possess a deemed-approved permit that allows them to use their property in the same manner as they have since May 2000, including the parking of excavation equipment and storage of materials on the property. The parties filed cross-motions for summary judgment in the appeal; the Griffins again requested the court find the application to have been deemed approved. The Town moved to dismiss the declaratory judgment action.

¶ 10. The Environmental Court granted the Town's motion for summary judgment and denied the Griffins' motion. It found that the permit was not deemed approved and, whether deemed approved or not, it did not allow the Griffins to store equipment or materials on their property. It also dismissed the declaratory judgment action on that basis. Also as part of the summary judgment decision, the court concluded that the ZBA was not estopped from attaching the conditions to the permit approval. Appellants appealed both decisions, which have been consolidated, to this Court.

¶ 11. We start with the summary judgment decisions. "In reviewing a summary judgment decision, we use the same standard as the trial court, and affirm the granting of a motion for summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *In re Cowan*, 2005 VT 126, ¶ 7, 179 Vt. 560, 892 A.2d 207 (mem.).

¶ 12. The Griffins' first argument is that the zoning permit, including the right to store equipment and materials on the site, was deemed approved because of the ZBA's tardiness in rendering its decision. The Environmental Court ruled that the decision was reached within the required time limit and "[t]he fact that the written notice of decision was not signed by the chair or sent to Appellants until three weeks later does not trigger the deemed approval remedy."

¶ 13. At the time of the permit application, the ZBA was required to make a decision on an application for conditional use within sixty days of closure of the public hearing. 24 V.S.A. § 4407(2) ("The board of adjustment ... shall act to approve or disapprove any such requested conditional use within sixty days after the date of the final public hearing ... and failure to so act within such period shall be deemed approval.").[2] The public hearing on the permit application occurred on February 12, 2004, and the ZBA voted unanimously to grant the permit, with conditions, at the public meeting on April 8, 2004. On this basis, the Environmental Court found that the ZBA acted "to approve ... such requested conditional use" within the sixty days, so the permit was not deemed to be approved pursuant to statute. See *id.*

¶ 14. The Griffins argue that the Environmental Court reasoning is wrong because the ZBA decision was not issued until May 1, 2004, seventy-nine days after the closure of the public hearing. This is the date that the written decision was signed by the ZBA chair and mailed to the Griffins. We squarely addressed

---

[2] All references to 24 V.S.A. § 4407 are to the statute as it existed at the time of the Griffins' application to the ZBA on December 29, 2003.

this issue in *Leo's Motors, Inc. v. Town of Manchester*, 158 Vt. 561, 613 A.2d 196 (1992), although with respect to then 24 V.S.A. § 4470(a), which set a time limit of forty-five days for rendering decisions on variance applications. In that case, we held that a decision is timely rendered where it is decided within the mandatory period, but not mailed until after the time period has expired. In interpreting the statute, we held that:

> [T]he purpose of the statute will be best served if we read § 4470(a) to require that a decision be rendered within forty-five days, whether or not the town observes the directive in that statute to "send to the appellant, by certified mail, a copy of the decision" within that period, so long as the failure to send a copy is inadvertent and not the result of a policy or purpose to withhold notice of the decision. *By "rendered" we mean the decision is finally made before the expiration of the forty-five day period, regardless of when, or if, the decision is reduced to writing or made in writing.*

*Leo's Motors, Inc.*, 158 Vt. at 565, 613 A.2d at 199 (internal citation omitted) (emphasis supplied).

¶ 15. *Leo's Motors* is actually a closer case than this one because the statute interpreted in that decision required the ZBA to "render" its decision within the stated time period and added that the board "shall within that period send to the appellant ... a copy of the decision." 24 V.S.A. § 4470(a). Nevertheless, we rejected the claim that the decision was not "rendered" until sent to the applicant. *Leo's Motors, Inc.*, 158 Vt. at 563-64, 613 A.2d at 198. The statute at issue here does not mandate that the ZBA send applicant the decision, and requires

only that it "act to approve or disapprove" the request within sixty days. Thus, we conclude that, under *Leo's Motors*, a ZBA considering a conditional use application normally will be determined to have acted within the statutory time period so long as the "decision is finally made before the expiration of the [sixty] day period, regardless of when, or if, the decision is reduced to writing or made in writing." *Id.* at 565, 613 A.2d at 199 (internal citation omitted). The Griffins do not suggest that the ZBA withheld its decision as a result of a policy or purpose to deprive them of notice of its action. *Id.* Accordingly, the permit was timely approved by the ZBA decision; it was not "deemed approved" under the statute.

¶ 16. Next, the Griffins make two equitable estoppel arguments in their motion for summary judgment. First, in accordance with their claim that the permit application was deemed approved under § 4407(2), they further contend that the Town is estopped from denying that the scope of that deemed-approved permit includes the previous use of their home property, specifically the storage of equipment and materials. Because we hold that the permit was not deemed approved, we deny this claim.

¶ 17. The Griffins' main estoppel argument is that the Town should be estopped from requiring any home occupation permit because of the previous zoning administrator's assurances that they would not need a permit. The Griffins contend that because the original zoning administrator assured them that they could continue to operate their home excavating business without a permit, including their parking and storing of business equipment and materials, the Town is now estopped from requiring a

permit contrary to those representations.[3]

¶ 18. The elements of equitable estoppel are well established in our jurisprudence: (1) the party to be estopped must know the facts; (2) the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting estoppel has a right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party asserting estoppel must rely to his or her detriment on the estopped party's former conduct. *Jones v. Dep't of Forests, Parks & Recreation*, 2004 VT 49, ¶ 15, 177 Vt. 81, 857 A.2d 271. We apply equitable estoppel against the government only in "rare instances" when the elements of estoppel are met and the injustice that would result from denying the estoppel outweighs the negative impact on public policy that would result from applying estoppel. *Lakeside Equip. Corp. v. Town of Chester*, 2004 VT 84, ¶ 8, 177 Vt. 619, 865 A.2d 422 (mem.). We have analyzed numerous regulatory cases similar to this one according to equitable estoppel doctrine, see *Jones*, 2004 VT 49; *Wesco, Inc. v. City of Montpelier*, 169 Vt. 520, 739 A.2d 1241 (1999); *In re Letourneau*, 168 Vt. 539, 726 A.2d 31 (1998); *Agency of Natural Res. v. Godnick*, 162 Vt. 588, 652 A.2d 988 (1994); *In re Conway*, 152 Vt. 526, 567 A.2d 1145 (1989); *In re McDonald's Corp.*, 146 Vt. 380, 505 A.2d 1202 (1985); *Town of Bennington v.*

---

[3] We note that at oral argument appellants took issue with the term "storage" to describe their activities in relation to the materials and vehicle. The ZBA found in its Notice of Decision that "business-related equipment is currently stored outside the [Griffins'] home," and the Griffins have not directly challenged that finding of fact.

*Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 427 A.2d 365 (1981), but only rarely have found that estoppel was warranted, see *In re Lyon*, 2005 VT 63, ¶ 19, 178 Vt. 232, 882 A.2d 1143; *My Sister's Place v. City of Burlington*, 139 Vt. 602, 609-10, 433 A.2d 275, 279-80 (1981).

¶ 19. The Environmental Court found that the Griffins failed to meet the third and fourth requirements of the test. As to the third requirement, the court held that the zoning ordinance and the prior permit to Griffin & Rutledge specifically and explicitly prohibited the outside storage of equipment and materials, and "[t]hese facts were equally available to Appellants as to the former zoning Administrative Officer." As to the fourth requirement, the court found:

> Appellants' only detrimental reliance was to continue to operate their business storing equipment and materials outdoors on their residence property from 2000 through 2003; they did not obtain any vested rights to continue to do so. That is, even if we were to estop the Town due to the representations of the former zoning Administrative Officer that no additional permit was required, the result would only be to preclude an enforcement action applicable to the period prior to January 10, 2004 (30 days after the deadline stated in the new zoning Administrative Officer's warning letter).

¶ 20. We agree that the Griffins did not show they met the fourth requirement of equitable estoppel, detrimental reliance, and do not address the other requirements. Although the Griffins submitted two lengthy affidavits to the court in support of their motion for summary judgment and in opposition to the Town's motion, neither addressed what actions

they took in reliance on the representations of the former zoning administrator. Thus, the court had before it no evidence of detrimental reliance on the part of the Griffins to support an estoppel argument. If anything, the previous zoning administrator's alleged decisions and representations provided the Griffins a benefit — the opportunity to keep equipment and materials on their property contrary to the home occupation regulations — which would otherwise have been prohibited.

¶ 21. We are not persuaded by the Griffins' attempt to claim two elements of detriment in their brief on appeal. First, the Griffins claim that they "have purchased additional equipment for use in their excavating business, continued to operate their business, and spent time and money in the design of a garage for storage of some of their equipment." These claims are made for the first time on appeal and are unsupported by the summary-judgment record. See *Fitzgerald v. Congleton*, 155 Vt. 283, 295, 583 A.2d 595, 602 (1990) (Issues not raised before trial court in context of motion for summary judgment would not be considered on appeal from grant of summary judgment.).

¶ 22. The second claimed element of detriment is that "[t]he Griffins have been cited for violation of the Town Zoning regulations, and have incurred substantial legal expense relating to these proceedings." The proceeding involving the violation of the regulations is not before us, and we do not consider whether the Griffins can show equitable estoppel in defense of that action. The presence of the violation action does not show detrimental reliance in this proceeding to obtain a zoning permit without the conditions added by the ZBA. With respect to the legal expenses of this proceeding, the Griffins are exactly in the same position as they would have been if the former zoning administrator had pro-

vided the correct advice. *In re Conway*, 152 Vt. at 531, 567 A.2d at 1147. Thus, their legal expenses are caused by their decision to contest the zoning administrator and ZBA decisions, and not by detrimental reliance on the incorrect opinions of the former zoning administrator. See *id.*

¶ 23. Finally, because we hold that the permit issued to the Griffins by the ZBA was not deemed approved and therefore the stated permit conditions are valid and in effect, we conclude the Environmental Court properly dismissed the Griffins' complaint seeking declaratory judgment that the conditions were invalid.

*Affirmed.*