STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Mad River Valley Ambulance Service | } | |
| (Appeal of Siebert[1]) | } | Docket No. 137-7-05 Vtec |

Decision and Order on Pending Motions

Appellant Kirsten Siebert appealed from a decision of the Planning Commission of the Town of Waitsfield, approving Appellee-Applicant Mad River Valley Ambulance Service's application to amend three conditions of the 1999 permit related to its building. Appellant is represented by Paul Gillies, Esq.; Appellee-Applicant Mad River Valley Ambulance Service is represented by John W. O'Donnell, Esq.; the Town is represented by Joseph McLean, Esq.

Mediation was undertaken but did not resolve the parties' dispute. Appellee-Applicant has moved to dismiss the appeal as raising issues beyond the scope of the Planning Commission's proceedings. Appellee-Applicant also argues that the Town is estopped from challenging the authority of the Planning Commission to have considered and decided the application at issue in the present case, based on the Zoning Administrator's advice to Appellee-Applicant to submit its request to the Planning Commission. Appellant has moved for summary judgment, arguing that the Planning Commission was without jurisdiction to amend conditions in the permit, but that instead the Zoning Board of Adjustment should have considered the matter. The Town agrees, and

---

[1] Appellant Alexander (Sandy) Lawton was dismissed as a party in December of 2005.

1

has requested the Court to remand the matter so that the ZBA can instead review the application as if it had been submitted for amendment of the conditions of the project's conditional use approval. The following facts are undisputed unless otherwise noted.

Appellee-Applicant received a zoning permit in 1999 for the conversion of a building formerly used for a mixed use (auto repair and residential) to a "professional personal service and business office" use for the ambulance service, after having obtained both site plan approval and conditional use approval for the proposed project. At that time, it was the Planning Commission that ruled on site plan approval applications, and the Zoning Board of Adjustment (ZBA) that ruled on conditional use approval applications. The ZBA's approval required the applicant to obtain final site plan approval from the Planning Commission. The Planning Commission's grant of final site plan approval contained five substantive conditions: Condition 1 described the size and planting of the green spaces; Condition 4 required a proposed cedar hedge instead to be composed of mixed evergreen and deciduous varieties; and Condition 5 set a one-year deadline for the completion of the fencing, landscaping and screening.

The Town amended its Zoning Bylaw in 2002. It eliminated the separate site plan review process, but expanded conditional use review to include consideration of criteria formerly considered during site plan review. In particular, the adequacy of traffic and pedestrian circulation on and off the site, and the adequacy of landscaping and screening, both former site plan criteria, became specific criteria for conditional use review. Zoning Bylaw §5.3(D)(7).

In 2004, Appellee-Applicant proposed changes to the project with respect to the curbing on the site, in connection with its application to the Zoning Administrator for a Certificate of Occupancy. Appellee-Applicant sought to place imprinted colored asphalt paving around certain landscaped areas, instead of the curbing required by Condition 1.

Appellee-Applicant filed an application for a zoning permit, requesting amendment to Conditions 1 and 5[2] of the 1999 site plan approval. The Zoning Administrator had advised Appellee-Applicant to submit the request to the Planning Commission. It is the Planning Commission's decision on the application that is on appeal in the present case.

This Court stands in the shoes of the Planning Commission, and may take whatever action the Planning Commission could have taken regarding the application before it. Issues regarding the Planning Commission's jurisdiction (and hence the jurisdiction of the Court in this de novo appeal) may be raised at any time. See, e.g., In re Appeal of Casella Waste Management, Inc., Docket No. 110-7-99 Vtec (Vt. Envtl. Ct., March 16, 2001); In re: Appeal of Casella Waste Management, Inc., 2003 VT 49; 175 Vt. 335 (2003) (aff'd other grounds).

Because jurisdiction of the subject matter of the amendments had been transferred to the ZBA, it should have been the ZBA that considered and voted on whether the amendments should have been approved, even though the original decision imposing the contested conditions had been issued by the Planning Commission. That situation is analogous to an appeal from a municipal board's decision after March 15, 1995, the date on which jurisdiction of zoning and planning appeals was transferred to this court rather than to the superior courts. While the superior courts retained any then-pending appeals

---

[2] The application only mentions Conditions 1 and 5, although the Planning Commission's decision reflects that condition 4 was also discussed. The minutes of the January 4, 2005 Planning Commission hearing reflects that Conditions 4 and 5 were discussed and that "the landscaping was accepted as it exists." By the time the Planning Commission made the decision on appeal, the only issue remaining and voted on was the proposed amendment of Condition 1, to install several areas of imprinted colored asphalt instead of curbing. Much of the testimony before the Planning Commission related to the configuration and safety of the curb cut and whether areas of printed asphalt would or would not be safer during emergency ambulance runs.

3

filed before the statutory date, jurisdiction of any new appeals (even those requesting amendments of old permits) was in the Environmental Court rather than in the superior court that had handled the appeal of the initial permit. And see 2003, No. 115 (Adj. Sess.), §121.

Further, the erroneous advice of the Zoning Administrator does not rise to an estoppel of the Town, In re Griffin, 2006 VT 75, in that Appellee-Applicant had the same access to the 2002 Zoning Bylaws as did the Zoning Administrator and has not shown that it was ignorant of the true facts. Moreover, the Zoning Administrator's error could not vest the Planning Commission with jurisdiction that it does not otherwise have.[3]

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment on Questions 1 and 2 is GRANTED, and the Town's request for remand is GRANTED in part, pursuant to V.R.E.C.P. 5(i). The decision of the Planning Commission is HEREBY VACATED and the matter is remanded to the point at which the application for amendment of the permit conditions was filed, so that the application may be forwarded to the ZBA for its consideration. Appellee-Applicant is free to amend the application to request amendment only of Condition 1 regarding the paving, curbing, and front landscaped islands. Any issues as to whether or not the requested amendment meets the current criteria for approval will be for the ZBA to determine in the first instance.

This decision concludes the present appeal. If any appeal is filed from a future decision of the ZBA, it will be a new appeal with a new docket number. We would consider at that time any application to waive the filing fee, due to this history of the

---

[3] Even if a zoning administrator erroneously issued a permit, such an approval, if improperly authorized as a result of error by the administrative officer, may result in future applications' being subject to the provisions of the ordinance regarding nonconformities. See, 24 V.S.A. §§ 4412(7) and 4303(13), (14) and (15).

4

present appeal.  Also, in consideration of the history of the present appeal, we would expedite any such future appeal to reach the merits as soon as practicable. V.R.E.C.P. 1 and 2(b).

Done at Berlin, Vermont, this 28th day of September, 2006.

_____
Merideth Wright
Environmental Judge

5