STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: DiFrancesco Variance Applications | } | Docket No. 128-5-06 Vtec |
| (Appeal of DiFrancesco) | } | |
| | } | |

<u>Decision and Order on Motion for Summary Judgment</u>

Appellant-Applicant Rocco DiFrancesco (Appellant) filed a single appeal from two rulings of the Zoning Board of Adjustment (ZBA) for the Town of Newbury, both dated April 28, 2006, denying his request for a variance for each of two projects. Appellant has appeared and represents himself; the Town of Newbury is represented by Edward R. Zuccaro, Esq. Appellant has moved for summary judgment on Questions 12 and 14 of the Revised Statement of Questions, seeking deemed approval of both variance applications. The following facts are undisputed unless otherwise noted.

Appellant owns a 48-acre parcel of land located in the RR2 and CON 10 zoning districts. The existing house on the property is located near a pond. In Application No. 2006-012, Appellant requested a variance of twenty-eight feet (from the fifty-foot setback otherwise required to a water body), for an already-constructed deck attached to the existing house. In Application No. 2006-013, Appellant requested a variance from the same requirements to extend and enclose the deck as a porch. A single public hearing was held on both applications on March 9, 2006; the ZBA conducted a site visit on March 16, 2006.

Appellant argues that the applications should be "deemed approved," pursuant to 24 V.S.A. §4464(b), because the April 28, 2006 ZBA decisions on those applications were issued more than 45 days after the March 9, 2006 public hearing. As applicable to a ZBA, §4464(b)(1) provides in pertinent part that:

> The [ZBA] may recess the proceedings on any application pending submission of additional information. The [ZBA] should close the evidence promptly after all parties have submitted the requested information. The

1

panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing[.]

The ZBA did not vote to close the hearing at the end of the March 9 public hearing. Rather, according to the minutes of the March 9 hearing it recessed[1] the hearing to allow it to conduct a site visit to the property the following week, on March 16. The minutes of the March 9 hearing reflect that "[a]lthough the DiFrancescos will be out of town that day, they will ask their builder to be available [at the site visit] to answer any questions." At the site visit, the ZBA resumed the hearing, after which, according to the March 16 minutes, the ZBA voted unanimously to "close the hearing and go into private deliberation."

Appellant asserts in his motion that he contacted the Zoning Administrator by telephone on March 17, 2006, the day after the site visit, to inquire as to whether the ZBA had reached a decision. According to Appellant, the Zoning Administrator replied that "the ZBA had not made a decision and had 'deferred' the matter until the next month's ZBA

---

[1] The fact that the minutes use the term "adjourn" in this context, rather than the statutory term "recess" or the term "continue," is not dispositive; we examine what the ZBA actually did. As reflected in the minutes, the ZBA did not close the proceedings or state that the March 9 hearing was the "final public hearing" on the matter. Rather, it stated its intention to resume the suspended hearing at the site visit the following week. This contrasts with the March 16 minutes, which use the phrase "to close the hearing and go into private deliberation." In fact, in the March 9 minutes, the ZBA used the term "adjourn" in the same context in which it appears on a procedural checklist used by the ZBA to guide its conduct (provided as an attachment to Appellant's own motion for summary judgment). Step number seventeen on the checklist instructs the Chair of the ZBA to "either adjourn the hearing to a time certain, or close the proceedings by stating that this is the final public hearing on the matter."

meeting scheduled for [April 13, 2006]." Regardless of whether the ZBA conducted deliberations at its April 13, 2006 meeting as well as (or instead of) on March 16, the ZBA in fact issued its decisions on the two variance requests on April 28, 2006, forty-three days after the March 16, 2006 site visit and closure of the hearing, and thus within the forty-five day limit established by 24 V.S.A. §4464(b).

The fact that Appellant did not receive the decision by certified mail until six days later on May 4, 2006, does not mean that the decision was rendered in an untimely fashion; the decision is timely rendered when it is decided by vote of the ZBA, even if it is not mailed until after the time period has expired, as long as the delay is not intended to withhold or hide knowledge of the issuance of the decision. In re Appeal of Griffin, 2006 VT 75, ¶¶ 14–15; Town of Hinesburg v. Dunkling, 167 Vt. 514, 521–522 (1998); Leo's Motors v. Town of Manchester, 158 Vt. 561, 565 (1992).

Even if the time were to be counted until an applicant actually were to receive the decision, in the present case the six-day delay does not rise to the level of protracted deliberations for which the deemed approval remedy was designed. Compare In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998); In re Appeal of McEwing Services, LLC, 2004 VT 53, ¶21; 177 Vt. 38, 46 (2004).

Therefore, deemed approval of the variance applications did not occur as the ZBA rendered its decisions within the required time period.


Appellant also initially argued that his request in the alternative for "reconsideration or appeal" filed with the ZBA for its May 11, 2006 meeting was never scheduled for a reconsideration hearing and should be deemed to be approved. In his memorandum filed on August 24, 2006, at page 2, Appellant later agreed with the Town that the deemed approval remedy may not apply to requests for reconsideration. In any event, the request for "reconsideration or appeal" was in fact acted on by treating it as an appeal (that is, the present appeal), which made the reconsideration request moot. Therefore, deemed approval of the reconsideration request did not occur.

Even the deemed approval remedy were to apply to the reconsideration request, Appellant would only have been entitled to have the ZBA reconsider its denial of the

3

variances, not to an automatic grant of the requested variances. That is, all that Appellant would have obtained by the deemed approval of his request for reconsideration would have been to have the ZBA reconsider its decision on the merits of the variance requests, for which this appeal would have had to have been remanded to the ZBA. Instead, the merits of the variance requests are before this Court in this appeal.

Accordingly, Appellant's summary judgment motion, seeking deemed approval of his variance requests and seeking deemed approval of his request for reconsideration is hereby DENIED, and summary judgment on Questions 12 and 14 is hereby GRANTED in favor of the Town.[2]

We will proceed to consider the parties' memoranda on the Town's pending motion to dismiss all but Questions 2, 16 and 17 in the Statement of Questions. In the decision on that motion we will schedule a telephone conference if appropriate to schedule the hearing on the merits of the variance requests.

Done at Berlin, Vermont, this 19th day of December, 2006.

_____

Merideth Wright
Environmental Judge

---

[2] Summary judgment when appropriate may be rendered against the moving party. V.R.C.P. 56(c)(3).