STATE OF VERMONT
ENVIRONMENTAL COURT

|   |   |
|---|---|
| In re Verizon Wireless Barton Permit | } } } | Docket No. 133-6-08 Vtec |

## Decision on Multiple Motions

This matter arises out of an appeal by Jeanette and Michael Auger, mother and son ("Neighbors" or "the Augers"), of a May 29, 2008 determination by the Town of Barton's Zoning Board of Adjustment and Planning Commission, granting conditional use approval to Applicant Verizon Wireless. Neighbors first appeared before this Court representing themselves, but are now represented by Vincent Illuzzi, Esq. Applicants-Appellees Vermont RSA Limited Partnership and Cellco Partnership, both doing business as Verizon Wireless ("Applicant"), are represented by Brian J. Sullivan, Esq. The Town of Barton ("Town") is an Interested Person in this matter and is represented by William R. May, Esq.

Applicant has filed a motion to dismiss, and Neighbors have responded. Neighbors have also filed a motion to amend their Statement of Questions and a motion to extend the discovery deadline, and Applicants have responded in opposition to both of these motions.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.     Applicant filed two applications with the Town of Barton Zoning Board of Adjustment ("ZBA") on January 28, 2008, for conditional use approvals to install wireless communications antennas at two separate sites. Specifically, Applicant sought conditional use approval to build an antenna at 497 Ingersoll Lane in Barton, Vermont ("the Tree Site"), as well as conditional use approval to build an antenna at 1518 Burton Hill Road in Barton, Vermont ("the Silo Site").

2.     The original public hearing regarding the Verizon Wireless applications was scheduled for March 27, 2008. At Applicant's request, the hearing was rescheduled for April 17, 2008.

3.     The parties dispute whether the Town provided adequate notice of the hearing as required by 24 V.S.A. § 4464(a)(1) and Article 6, § 607 of the Town of Barton Joint Zoning Bylaws.

4.     On April 17, 2008, the ZBA held a public hearing on Applicant's requests for conditional use approval of the two projects. No parties other than Applicant appeared or requested to be heard at the ZBA's hearing.

5. On May 29, 2008, the ZBA voted unanimously in favor of granting conditional use approval for both the Tree Site and the Silo Site, subject to certain conditions.

6. At a later date, probably before June 5, 2008, the Town issued its written Findings of Fact, Decision, and Conclusion, memorializing the May 29, 2008 determinations.[1]

7. Both of the undated written determinations contained the following notice of appeal rights: "The applicant and legal parties have a right to appeal this decision to the Environmental Law Court within 30 days of the date of this decision."[2]

8. On June 5, 2008, Neighbor Michael Auger contacted the Town Zoning Administrator by phone to express his opposition to the Tree Site. The Zoning Administrator told Mr. Auger that the Town had not yet issued any permit to Verizon Wireless for the installation of wireless communications equipment.

9. On June 5, 2008, Neighbors wrote a letter to the Town Zoning Administrator and the ZBA to express their objections to the application.

10. On June 5, 2008, presumably after his conversation with Mr. Auger, the Town Zoning Administrator completed the ministerial act of granting the following two separate permits:

   a. Permit Number 080307 (the Tree Site) approved the installation of a wireless communications facility (disguised as an artificial tree) and the construction of an equipment shelter and supporting infrastructure at 497 Ingersoll Lane in Barton, Vermont.

   b. Permit Number 080307B (the Silo Site) approved the installation of 12 cellular and PCS antennas on an existing barn silo and the construction of an equipment shelter and supporting infrastructure at 1518 Burton Hill Road in Barton, Vermont.

11. Both of these permits noted that conditional use approval was granted with conditions on May 29, 2008.

12. According to Neighbors, their property abuts the Tree Site; the Silo Site, on the other hand, is located approximately 3.4 miles away from their property.

---

[1] These written determinations are undated, but both refer to the vote that was taken on May 29, 2008. We note that these written determinations were likely issued before June 5, 2008, because that is the date when the Zoning Administrator undertook the ministerial act of issuing zoning permits for these two projects. The Zoning Administrator likely had these written determinations in hand when he issued those permits, although he could also have been acting based upon witnessing or hearing about the May 29, 2008 vote granting conditional use approval for these two projects.

[2] This language is somewhat confusing, given that it appears in determinations that are undated. It is therefore unclear on what specific date the 30-day appeal period began. However, our Decision here does not turn on an allegation that Neighbors failed to timely file their appeal.

13. On June 30, 2008, Neighbors, representing themselves, filed a Notice of Appeal with this Court. The Notice of Appeal stated that it was an appeal of Permit Number 080307B, which refers to the Silo Site, but Neighbors identified themselves as "adjoining property owner[s] to the Ingersoll Road site," which refers to the Tree Site.

14. Neighbors' Statement of Questions, filed August 20, 2008, raises questions relating only to the Tree Site.

### Discussion

Three motions are currently before the Court. Applicant has filed a motion to dismiss. In support of that motion, Applicant represents that Neighbors failed to participate in the municipal proceedings below and are therefore not entitled to appeal. See 24 V.S.A. § 4471(a) ("An interested person who has participated in a municipal regulatory proceeding . . . may appeal [that determination] to the environmental court."). Neighbors respond by representing that they did not receive notice of the ZBA's April 17, 2008 public hearing and therefore were unable to participate. Applicant argues in reply that Neighbors waived their right to claim lack of proper notice when Neighbors failed to raise their improper notice claim in their Statement of Questions.

As discussed in detail below, the legal questions surrounding proper notice are of such importance to this Court's jurisdictional authority as to not be limited by an applicant's statement of questions. Legal issues governing our jurisdictional authority to hear a pending appeal may be raised at any time, including by this Court sua sponte. Nevertheless, Neighbors have filed a motion to amend their Statement of Questions to address whether they received adequate notice of (1) Applicant's municipal land use permit applications and (2) the scheduled date for the ZBA's public hearing on those applications.

Neighbors have also filed a motion to extend the discovery deadline. Today we need only address Applicant's motion to dismiss, as our ruling on that issue makes it unnecessary to reach either of the other motions.

The first issue raised in Applicant's motion to dismiss is whether a clerical error in a notice of appeal may cause this Court to be deprived of jurisdiction over an otherwise properly filed appeal. Applicant argues that Neighbors failed to file a timely appeal of the conditional use approval for the Tree Site permit, since Neighbors' Notice of Appeal referenced Permit Number 080307B, which is the Silo Site permit. Neighbors admit to this clerical error and agree that they had no intention of appealing Applicant's Silo Site permit; Neighbors represent that it was their

3

intention all along to only appeal the Tree Site permit determination. (Neighbors' Reply to Applicant's Brief in Support of Mot. to Dismiss, at 3.)

Neighbors' representation as to the permit they intended to appeal is supported by the substantive narrative of their Notice of Appeal, including the specific reference to "the Ingersoll Road site" (an unambiguous reference to the Tree Site, not the Silo Site). Further, Neighbors' Statement of Questions refers exclusively to the Tree Site and makes no mention of the Silo Site. This language provides practical references to the true focus of Neighbors' appeal. From this set of undisputed facts, we conclude that Applicant had fair notice of Neighbors' intent to appeal the Tree Site conditional use approval; we therefore find no unfair prejudice to Applicant as a result of the clerical error regarding the permit number.

Proceedings before this Court are, to the extent applicable, governed by the Vermont Rules of Civil and Appellate Procedure. See V.R.E.C.P (5)(a)(2). Here we find guidance in the Rule that notes that an "appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." V.R.A.P. 3(d); see also Reporter's Notes, 1994 Amendments, V.R.C.P. 15(c)(3) ("An intended defendant . . . may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name . . . . If the notice requirement is met . . . , a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification."). Similarly, our own procedural rules provide that the failure to file a Notice of Appeal within 30 days is the only grounds for automatic dismissal. See V.R.E.C.P. 5(b)(1) ("Failure of the appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such actions as the court deems appropriate."); see also Reporter's Notes, Rule 5(b)(1) ("Only the filing deadline is jurisdictional."). The appeal in this case was timely, even if it listed an incorrect permit number. For these reasons, we decline to dismiss this appeal as a result of that clerical error.

We view this appeal as a timely appeal of the conditional use approval for the Tree Site, not for the Silo Site. We therefore do not need to address Applicant's arguments regarding Neighbors' lack of standing to challenge the conditional use approval of the Silo Site. The next issue for our consideration, however, is whether Neighbors' appeal of the Tree Site approval can withstand Applicant's further jurisdictional challenges.

In general, only interested persons who have participated in the municipal proceeding below—as defined in 24 V.S.A. § 4465(b)—may appeal to the Environmental Court. 10 V.S.A.

4

§ 8504(b)(1). As we discuss in more detail below, § 8504(b)(2) notes that there are exceptional circumstances that allow interested persons to bring an appeal without having participated in the municipal proceeding, but in general the ability to appeal municipal decisions to this Court hinges upon two elements: (1) the appellant must be an interested person; and (2) the appellant must have participated in the municipal proceedings that are the focus of the pending appeal. 10 V.S.A. § 8504(b)(1).

An "interested person" is defined in 24 V.S.A § 4465(b). For the purposes of this appeal, the Augers qualify as interested persons, since they "own[] or occupy[] property in the immediate neighborhood," § 4465(b)(3), so long as their property "potentially could be affected by any aspects of the project which have been preserved for review on appeal." Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. Jan. 25, 2007) (unpublished mem.).

Although the Augers appear to be interested persons, they must also meet the participation requirement before they can bring an appeal under 10 V.S.A. § 8504(b)(1). Participation is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). Mere attendance at a municipal hearing is not enough to secure a right to appeal; the interested person must actively participate in the proceeding through offering evidence or a statement of concern. See id.

It is undisputed that the Augers did not attend the April 17, 2009 hearing—the sole hearing that was held on this matter.[3] Rather, Neighbors' first action in these municipal proceedings occurred on June 5, 2008, when Mr. Auger contacted the Town Zoning Administrator by phone to express opposition to the Tree Site project. On that same day, Neighbors submitted a letter of concern to the Town Zoning Administrator. The legal question we are therefore faced with here is whether the Augers' June 5 letter constitutes "participation" for purposes of qualifying as a party entitled to appeal pursuant to 24 V.S.A. § 4471(a).

We conclude that Neighbors' actions on June 5, 2008—a full week after the ZBA voted on May 29, 2008, to grant conditional use approvals for both the Silo and Tree Sites—does not constitute participation as required by 24 V.S.A. § 4471(a). In reaching this conclusion, we rely upon applicable precedent from our Supreme Court, which has noted that although appeal rights are generally construed liberally, "the ultimate goal is to give effect to the intent of the

---

[3] Neighbors claim that they failed to attend this hearing because the Town did not give them proper notice of it. We address this issue in detail below in our discussion of 10 V.S.A. § 8504(b)(2)(A).

Legislature," and courts must therefore "strictly adhere" to statutory standing requirements. In re Albert, 2008 VT 30, ¶ 8 (citations omitted). The Supreme Court's ruling in Albert is also instructive because the Court held in that case that "the Legislature intended to provide standing to appeal zoning decisions only to those landowners who petitioned a planning commission prior to it taking final action in a case." Id. at ¶ 11 (emphasis added).

Although Albert involved an interpretation of the word "petition," the Court's reasoning applies equally to an interpretation of the word "participation." In both cases, the language chosen by our Legislature reflects an intention that the municipal panel would have "some power to take action" in response to whatever information a party provides. Id. Indeed, for "participation" to be given relevance within the context of our municipal planning and development statutes (24 V.S.A. Chapter 117), we envision that the Legislature's plain meaning use of the term served to require that an appellant bring information before the municipal panel as a way of helping that panel reach its decision in the first instance.

If the participation requirement is to have any meaning, we must interpret it to require participation before a final decision is made. As was the case in Albert regarding post-decision petitions, to allow post-decision participation before municipal bodies "after those bodies had already exercised their authority," would "arriv[e] at absurdity." Id.; see also id. at ¶ 10 ("We . . . presume that the Legislature intended for the statutory language to render results that are not absurd." (citing Craw v. Dist. Ct., 150 Vt. 114, 119 (1988))).

We note that even in a case such as In re Carroll, 2007 VT 19, 181 Vt. 383, where the Supreme Court adopted a broad definition of "participate" to allow an appellant to appeal a final plat determination even though the appellant had only participated in the preliminary plat review of that project, the Court noted that participation must still occur "within the proceeding." Id. at ¶ 15.

Following the logic of this Supreme Court precedent and our interpretation of the plain meaning of the word "participate," we conclude that to qualify as participating in the proceedings at issue here, Neighbors would have had to have done something before the ZBA issued its final ruling on conditional use approval on May 29, 2008. It is uncontested that Neighbors did nothing in the municipal proceeding until June 5, 2008. We therefore conclude that Neighbors did not "participate" in those proceedings, as that term is used in 24 V.S.A. § 4471(a).

6

Our conclusion here finds additional support from Supreme Court precedent in the context of the deemed approval doctrine. In that context, the Supreme Court has held that "a ZBA considering a conditional use application normally will be determined to have acted within the statutory time period so long as the 'decision is finally made before the expiration of the [sixty] day period, <u>regardless of when, or if, the decision is reduced to writing or made in writing</u>.'" <u>In re Griffin</u>, 2006 VT 75, ¶ 15, 180 Vt. 589 (emphasis added) (quoting <u>Leo's Motors, Inc. v. Town of Manchester</u>, 158 Vt. 561, 565 (1992)). The holding of <u>Griffin</u> supports our conclusion that the municipal proceedings at issue here were completed on May 29, 2008, when the municipal panel voted to grant conditional approval. For purposes of determining participation, it is immaterial that it might have been at a later date when the ZBA's determination actually took effect or was issued in writing, or when the Town Zoning Administrator undertook the ministerial act of issuing a permit in light of the ZBA's determination. See <u>id</u>. For these reasons, Neighbors' June 5, 2008 letter cannot be regarded as participation under 24 V.S.A. § 4471(a).[4]

Neighbors' lack of participation in the municipal proceedings does not, however, necessarily extinguish their ability to bring an appeal before the Environmental Court. Although 10 V.S.A. § 8504(b)(1) requires both interested person status and participation for standing to appeal to this Court, § 8504(b)(2) notes that there are exceptional circumstances that allow interested persons to bring an appeal without having participated in the municipal proceeding:

> Notwithstanding § 8504(b)(1) . . . , an interested person may appeal an action or decision . . . if the environmental judge determines that:
>
> > (A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding;
> >
> > (B) the decision being appealed is the grant or denial of interested person status; or
> >
> > (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

10 V.S.A. § 8504(b)(2).

Neighbors appear to assert that they have a right to bring an appeal under § 8504(b)(2)(A) because "a procedural defect" occurred here. According to Neighbors, they

---

[4] We note that the running of an appeal period, on the other hand, is governed by other concerns and is therefore treated differently. See, e.g., <u>In re White</u>, 155 Vt. 612, 615 (1990) ("Although a zoning applicant can appeal from an oral decision, that decision does not become final and the appeal period does not begin to run until either the board files its written decision or the period for doing so . . . has expired.").

were never given proper notice of the municipal hearings in this matter. The parties dispute whether the Town notice met the legal standards of 24 V.S.A. § 4464(a)(1) and Article 6, § 607 of the Town of Barton Joint Zoning Bylaws. We need not address that issue here, however, because we find that even if Neighbors meet the requirements of 10 V.S.A. § 8504(b)(2), we cannot hear their appeal.

The Vermont Rules of Environmental Court Proceedings specifically state that any appellant claiming party status under 10 V.S.A. § 8504(b)(2) "must assert their claim of party status by motion filed with the notice of appeal." V.R.E.C.P. 5(d)(2) (emphasis added). In general, the word "must"—like the word "shall"—imposes a mandatory requirement. See, e.g., Chalfonte Condo. Apt. Ass'n, Inc. v. QBE Ins. Co., 526 F. Supp. 2d 1251, 1255 (S.D. Fla. 2007) ("By referencing a dictionary, one can ascertain the plain meaning of the term 'must'; it means 'compulsion, obligation, or requirement' and it does not allow for any discretion. The general rule is that, in the absence of any contrary legislative intent, the words 'must' and 'shall' connote that a statute is mandatory and requires strict compliance . . . ." (internal citation omitted)); cf. State v. Rafuse, 168 Vt. 631, 632 (1998) (noting that "shall" "is a word of command, and it is inconsistent with a concept of discretion" (citing Black's Law Dictionary 1375 (6th ed. 1990))).

Thus, according to the plain language of our Rule 5(d)(2), because Neighbors did not participate in the municipal proceeding below, they had a duty to file a motion for party status at the same time that they filed their Notice of Appeal. See V.R.E.C.P. 5(d)(2). To date, Neighbors have not filed a motion for party status in this appeal.

This timing rule is not merely a technicality or a matter of convenience. Rather, Rule 5(d)(2) serves the crucial role of putting other parties—and this Court as well—on notice that party status is at issue in an appeal. Party status is an issue of standing, which raises questions regarding the Court's subject matter jurisdiction to hear an appeal.

All courts have the inherent authority—and even the duty—to act on their own to address issues of subject matter jurisdiction. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999))); accord Murphy Motor Sales, Inc. v. First Nat'l Bank of St. Johnsbury, 121 Vt. 404, 406 (1960) (recognizing that a court "must act of its own motion" to decide issues of subject matter jurisdiction). Indeed, although in general this Court cannot address issues that are not raised in a statement of questions, see V.R.E.C.P. 5(f), this limitation does not preclude the Court

from analyzing jurisdictional issues such as standing—an issue that the Court can always analyze, regardless of whether it appears in the statement of questions.

Because this Court does not require appellants to file the type of in-depth civil complaint that would ordinarily assert a basis for standing, we are all the more dependent on the parties to inform the Court when standing is at issue. The party filing an appeal has the initial burden of stating the basis for party status to bring an appeal. V.R.E.C.P. 5(b)(3) ("The notice of appeal must specify the party or parties taking the appeal and the statutory provision under which each party claims party status." (emphasis added)). Under ordinary circumstances, a notice of appeal in this type of case would invoke 10 V.S.A. § 8504(b)(1), which applies to interested persons who participated in the municipal proceedings below. When that statutory provision is invoked for party status, an appellant is "automatically accorded that status," and the burden then falls upon other parties or the Court itself to challenge it. V.R.E.C.P. 5(d)(2). If, on the other hand, Neighbors failed to participate in the proceedings below and therefore have to claim party status based upon extraordinary circumstances (such as the "procedural defect" provision of § 8504(b)(2)(A)), the burden was upon Neighbors to raise this issue alongside their initial filing. Id.

The idea here is that an appellant must state a basis for claiming that extraordinary circumstances exist to allow them to appeal a decision that they could not ordinarily appeal. If an appellant fails to raise that issue alongside the filing of a Notice of Appeal, it creates a real possibility that the Court will begin to engage its resources in evaluating the substance of a claim, only to discover many months into the process that the appellant lacks party status or standing to file the pending appeal, resulting in the appeal being dismissed after the parties and the Court have invested much time and energy in the case. We regard this as one foundation for why Rule 5(d)(2) requires that an appellant inform other parties and the Court at the first instance if an appellant wishes to claim party status despite failing to participate in the municipal proceedings below.

This appeal is somewhat complicated because Neighbors' initial filing failed to state any basis for claiming party status. However, regardless of what basis Neighbors intended to invoke, they have failed to follow the procedural mandate of our Rule 5(d)(2). Absent the motion that is mandated by Rule 5(d)(2), and in light of Applicant's motion to dismiss, we cannot sua sponte confer party status or the right to appeal upon Neighbors.

As noted in detail above, if Neighbors had claimed party status under 10 V.S.A. § 8504(b)(1), which applies to interested persons who participated in the municipal proceedings below, we would be compelled to dismiss their appeal because Neighbors failed to participate within the relevant timeframe. Alternatively, if Neighbors had claimed party status under 10 V.S.A. § 8504(b)(2), we would be compelled to dismiss their appeal because they failed to include a motion for party status alongside their Notice of Appeal, as required by V.R.E.C.P. 5(d)(2).[5]

For all of the reasons stated above, we find that Neighbors lack party status to bring this appeal. See 24 V.S.A. § 4471(a) and 10 V.S.A. § 8504(b). We therefore **GRANT** Applicant's motion and hereby **DISMISS** this appeal.

Given our ruling on Applicant's motion to dismiss, we regard Neighbors' pending motions to amend their Statement of Questions and to extend the discovery deadline as moot.

### Conclusion

For the reasons discussed more fully above, we **GRANT** Applicant's motion to dismiss, and this appeal is hereby **DISMISSED**. In light of this holding, the other pending motions are now moot.

A Judgment Order accompanies this Decision. This concludes the proceedings before this Court in this appeal.

Done at Newfane, Vermont, this 20th day of May 2009.

_____
Thomas S. Durkin, Environmental Judge

---

[5] Although in some circumstances the Court might be willing to allow such a motion to be filed at a later date, a party would need specific permission from the Court to do so. To date, Neighbors have not requested such permission, even now that more than ten months have passed since Neighbors filed their Notice of Appeal.