**STATE OF VERMONT**
**Superior Court - Environmental Division**

===============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================

**In re Martin & Martin Variance Application,**          Docket No. 215-11-09 Vtec

Project: Request for zoning variance to reconfigure lots and construct new residence

Applicant: Jeffrey Martin and Gregory Martin
        (Appeal from Dorset Zoning Board of Adjustment determination)

Title: Motion for Summary Judgment (Filing No. 3)

Filed: September 10, 2010

Filed By: Marilyn F. Hand, Attorney for Appellants/Applicants Jeffrey Martin
        and Gregory Martin

Response in Opposition filed on 10/7/10 by Joseph J. O'Dea, Attorney for Appellee Town
        of Dorset

___ Granted                    _X_ Denied                    ___ Other

This appeal concerns an August 10, 2009 decision of the Town of Dorset ("Town")
Zoning Board of Adjustment ("ZBA") to deny a variance sought by Jeffrey and Gregory
Martin ("Applicants")[1] for the development of a new single-family residence, and associated
development, on property they own at 397 Red Trail Lane.  As part of their application,
Applicants propose creating two reconfigured lots from their three current lots.  The three
current lots include a 30-acre undeveloped lot, a 10-acre undeveloped lot, and a 10-acre
lot with a single-family residence.  The reconfigured lots are to include a 23-acre lot with
the proposed new residence and a 27-acre lot comprised of the remaining land and
containing the existing single-family residence.

Pending before the Court is Applicants' motion for summary judgment.  Applicants
argue that they are entitled to judgment in their favor because the ZBA did not follow
proper procedural steps in issuing its decision.  Specifically, Applicants argue that the ZBA
did not vote to deny the variance in a open meeting as required by 1 V.S.A. § 312, did not
ratify or approve such a vote in an open meeting, and did not send a decision denying the
variance by certified mail to Applicants as required by 24 V.S.A. § 4464(b)(3).  Applicants
maintain that this resulted in the failure of the ZBA to issue a decision in the 45-day time
limit imposed by 24 V.S.A. § 4464(b)(1) and that consequently their variance request is
entitled to "deemed approval."

Summary judgment is warranted only if the moving party demonstrates both that
there are no material facts in dispute and that it is entitled to judgment as a matter of law.
See V.R.C.P. 56(c)(3); <u>Gore v. Green Mountain Lakes</u>, 140 Vt. 262, 264 (1981).  Summary
judgment is not appropriate when the record contains evidence of specific facts supporting
the existence of disputed material facts.  See V.R.C.P. 56(c)(3); <u>Samplid Enters. v. First Vt.</u>

---

[1] We note that the pending application only lists "Jeff Martin" as the applicant, although Applicants'
pleadings represent Jeffrey and Gregory Martin as co-applicants.  Applicants submitted a copy of
the application as Exhibit G-2 and a copy of a warranty deed vesting title in "GREGORY FORBES
MARTIN and JEFFREY BAKER MARTIN" as Exhibit D.  We consider both the Messrs. Martin as
applicants, until advised otherwise.

Bank, 165 Vt. 22, 25 (1996); Gore, 140 Vt. at 266.  In ruling on a summary judgment motion, the Court is barred from weighing the evidence submitted in support or opposition of the motion, Environmental Board v. Chickering, 155 Vt. 308, 319 (1990), and must give the non-moving party the benefit of all reasonable doubts and inferences, Samplid Enterprises, 165 Vt. at 25.  However, a court is authorized to issue summary judgment against the moving party when there are no disputed material facts and the non-moving party is entitled to judgment as a matter of law.  See V.R.C.P. 56(c)(3) ("Summary judgment when appropriate may be rendered against the moving party"); Alpine Haven Property Owners Assoc. v. Deptula, 2003 VT 51, ¶ 21, 175 Vt. 559 (mem.).

Applicants' first challenge to the ZBA denial of their variance request is premised upon an accusation that the ZBA improperly made its determination while still in executive or deliberative session, after concluding the August 10th public hearing.[2] Applicants argue in their pending motion that as a consequence of this violation of 1 V.S.A. § 312, the ZBA decision should be voided and Applicants' variance request should be granted pursuant to the doctrine of deemed approval.[3]  The Town counters with representations, included in an affidavit and sworn-to deposition testimony, that the ZBA, in fact, made its decision in an open session of their meeting, after completing its deliberative session.  A close analysis of Applicants' factual representations and arguments does not reveal a contradiction of the Town's representation.  Rather, Applicants challenge the veracity of the Town's representation by noting that there is no independent documentation to support the Town's version of these procedural facts.[4]  We are unaware

---

[2] See Applicants' Statement of Questions #1, filed Nov. 24, 2009.

We question Applicants' assertion that municipal panels, such as the Dorset ZBA, are obligated to render their decisions in open session.  Open session determinations may be the better practice, as that provides notice on the record of a determination.  However advantageous such a practice may be, zoning boards are not required to employ it exclusively.  Our Supreme Court has determined that when a zoning board rules on a variance request, it is performing a quasi-judicial function and is therefore going through the exercise of applying the law to the facts.  Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11–13 (1989).  Additionally, when reviewing variance applications, zoning boards are required to comply with a specific set of hearing and notice requirements, including holding "warned public hearing[s]" and making their decisions part of the "public records of the municipality."  24 V.S.A. § 4464(a)(1), (b)(3).  In light of the Supreme Court's conclusion in Chioffi and the requirements of 24 V.S.A. § 4464, we conclude that zoning boards are exempted from the requirement in the Vermont open meeting law to only take formal actions during open meetings.  See 1 V.S.A. § 312(f) ("A written decision issued by a public body in connection with a quasi-judicial proceeding need not be adopted at an open meeting if the decision will be a public record."); see also 1 V.S.A. § 310(5)(b).

[3]  See 24 V.S.A. § 4464(b)(1) ("failure of the panel to issue a decision within [45 days] shall be deemed approval"); see also In re Fish, 150 Vt. 462, 464 (1988) (interpreting the statutory remedy of deemed approval as a "remedy [for] indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials") (citation omitted).

[4]  While the August 10, 2009 ZBA meeting minutes are not a model of clarity, we cannot interpret the minutes themselves to support Applicants' assertion that the ZBA took its action in deliberative session.  The minutes do not memorialize any comments or activities conducted in deliberative session, and the Court understands this absence to be customary for municipal meeting minutes. The minutes appear to memorialize only the comments and actions taken in open session, including the ZBA decision to deny Applicants' variance request.  It is true that if these minutes specifically noted when the ZBA completed its deliberative session and that the ZBA advised Applicants and others in attendance that it would be rending a decision in an open meeting after completing its deliberations, the events of the meeting would be more transparent.  But, the absence of these references in the minutes does not prove they did not occur, as Applicants suggest.

of a legal doctrine that a factual representation in this context must be independently supported by documentation.

When viewing the material facts in a light most favorable to the Town (as the non-moving party), we conclude that Applicants' request for summary judgment must be **DENIED**. In fact, since Applicants offer no contradiction to the Town's representation that the ZBA vote was taken in open session, conducted after the conclusion of the ZBA deliberative session, we must conclude that the Town's representation is undisputed. For the reasons more fully discussed below, we further conclude that Applicants' request that the doctrine of deemed approval be applied to its pending variance application must also be **DENIED** as a matter of law.

Applicants also question whether the ZBA's actions complied with 24 V.S.A. § 4464(b) and constitute the "issuing" of a decision within the 45-day time limit necessary to prevent "deemed approval." The parties disagree as to whether the decision was mailed to Applicants. There is adequate support in the record for the Town's allegation that it completed and mailed a decision to Applicants. However, the Town does admit that the mailing was not sent certified, as required by 24 V.S.A. § 4464(b)(3). (See Mem. In Resp. to Appellants' Resp. to the Town's Reply to Their Motion for Summ. J. 1, filed Nov. 10, 2010).

Importantly, the question of whether a variance decision is "issued" within 45 days (a requirement under § 4464(b)(1)) does not turn on whether it is mailed within that period (a requirement under § 4464(b)(3)) "so long as the failure to send a copy is inadvertent and not the result of a policy or purpose to withhold notice of the decision." Leo's Motors v. Town of Manchester, 158 Vt. 561, 565 (1992) (interpreting a previous version of 24 V.S. A. § 4464(b), formerly codified as 24 V.S.A. § 4470(a)); In re Appeal Griffin, 2006 VT 75, ¶ 15, 180 Vt. 589 (upholding Leo's Motors and applying it to a conditional use decision). The Leo's Motors court established that an applicant bears a high burden of proof on the facts sufficient to warrant the application of the blunt remedy of deemed approval. 158 Vt. at 565.

Our Supreme Court has directed that reviewing courts apply deemed approval sparingly, since its application "can result in [the] granting of permits that are wholly inconsistent with the zoning regulations of a municipality[,] to the detriment of surrounding landowners." In re Fish, 150 Vt. 462, 464 (1988). Deemed approval is reserved for situations when it is clearly consistent with the statutory intent of "remedy[ing] indecision and protracted deliberations on the part of zoning boards and . . . eliminat[ing] deliberate or negligent inaction by public officials." See, e.g., In re Appeal of McEwing Services, 2004 VT 53, ¶ 21, 177 Vt. 38 (citation omitted). The Fish Court cautions against application of the doctrine where no such protracted delay has occurred, even where technical defects in notice or procedure have occurred. 150 Vt. at 465.

Here, the Town represents that a copy of the ZBA decision was mailed to Applicants at the address that appeared on their application, albeit by regular mail, and that the mailing was not returned to the Town as undeliverable. Applicants do not directly contest this point, but rather provide some evidence of how Applicants may have relocated to several New York City addresses in 2008.[5] Further, Applicants do not provide allegations and supportive facts on the question of whether the Town acted purposefully to withhold notice. Ultimately, Applicants received notice of the ZBA decision and were able to file a timely appeal with this Court.

---

[5] See Applicants' Exhibit 3, filed Nov. 4, 2010.

When viewing the material facts in a light most favorable to the Town there is a clear absence of facts in the record to support the application of deemed approval. Therefore, Applicant's motion must be **DENIED**.

The Court requests that the parties confirm that discovery has been completed and that the remaining legal issues posed in Applicants' Statement of Questions stand ready for trial. The Environmental Case Manager will conduct a pre-trial telephone conference to discuss trial preparation. A notice of hearing for that purpose is attached.


_____          __December 3, 2010___
          Thomas S. Durkin, Judge                                Date

=====================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

      Marilyn F. Hand, Attorney for Appellants Jeffrey B. Martin and Gregory F. Martin

      Interested Person Dorset Hollow Corporation

      Interested Person Kathleen Wallace

      Joseph J. O'Dea, Attorney for the Town of Dorset