2011 VT 117

### In re Appeal of MORRILL HOUSE, LLC and Smith Variance

[35 A.3d 148]

No. 10-376

¶ 1. September 30, 2011. Applicants Howard Smith and Morrill House, LCC appeal from a decision of the Superior Court's Environmental Division denying their request for a variance to subdivide property located in the Town of Fair Haven, Vermont. They contend that their application should be deemed approved because the town zoning board of adjustment failed to issue its decision denying the application within the deadline prescribed by the relevant statute and local zoning ordinance. We affirm.

¶ 2. On October 15, 2009, applicants submitted a zoning permit application seeking approval to subdivide the subject property. The town zoning administrator denied the application after concluding that the proposal failed to comply with side- and rear-yard setbacks and minimum-lot-width requirements. Applicants then submitted their application to the zoning board of adjustment, which held a hearing on November 9, 2009. The board entered into an executive session immediately following the hearing and voted at that time to deny applicants' request.[1]

---

[1] Although the Town produced neither minutes nor an audio recording of the executive session, it submitted affidavits from three individuals who were present during the meeting confirming that the board made the decision to deny applicants' variance request following deliberations at the meeting. The environmental court found this fact to be undisputed. Applicants do not raise, and thus we do not consider, the potential relevance to

One of the board members was charged with drafting a written decision, and the zoning administrator was instructed to inform applicants of the board's decision. The zoning administrator averred that on the day of the board hearing he told Howard Smith that he would telephone him with notice of the board's decision and that he did so the next morning, leaving a message on Smith's cell phone. Smith denied receiving a telephone message informing him of the decision.

¶ 3. The board member assigned to write a decision did not deliver one to the board clerk until January 11, 2010. The decision was then distributed to the other board members, who reviewed and signed it on January 15, 2010, sixty-seven days after the board hearing had adjourned. Shortly thereafter, applicants received the decision and appealed to the environmental court, arguing only that their variance application should be deemed approved under the applicable state and local law because of the board's failure to timely notify them of the decision. In response to the parties' cross-motions for summary judgment, the environmental court granted summary judgment to the Town, ruling that, even assuming the board failed to notify applicants of its decision until shortly after January 15, 2010, the deemed approval remedy was not warranted under the circumstances, as a matter of law. Applicants appeal to this Court, arguing that the board's negligence in not notifying them of its decision before the deadline set by state and local law entitled them to deemed approval of their application under those laws, and that, in any event, issues of material fact concerning the timing of the board's decision should have precluded summary judgment.

this case of 1 V.S.A. § 313(a), which, among other things, precludes taking "formal or binding action" in executive session in most instances.

¶ 4. We begin with the relevant statute and town zoning ordinance. Section 4464(b)(1) of Title 24 provides that a municipal panel reviewing a land development application "shall . . . issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day."[2] The following sentence of the same provision provides that "[d]ecisions shall be issued in writing and shall include a statement of the factual bases on which the . . . panel has made its conclusions and a statement of the conclusions." 24 V.S.A. § 4464(b)(1). The statute further requires that decisions "be sent by certified mail within the period set forth in subdivision (1). . . to the applicant." *Id.* § 4464(b)(3). The relevant provisions of the local zoning ordinance are the same as, or similar to, these

---

[2] Under the previous version of the statute, the municipal panel was required, within forty-five days of adjournment of the hearing on the matter, to "render" rather than "issue" a decision, as provided in the current version of the statute. The word "render" was changed to the word "issue" when this statute, among many others, was rewritten and reordered several years ago in a comprehensive act aimed at consolidating legislative appeals and revising land use development law. See 2003, No. 115 (Adj. Sess.), § 104. There is no indication, however — and applicants do not argue — that the Legislature intended the change in the wording from "render" to "issue" to have any substantive effect in meaning that would alter our previous case law construing the predecessor provision. Indeed, in the sense they are used in the statute and ordinance, the two words share a common meaning. See Black's Law Dictionary 850, 1322 (8th ed. 2004) (defining "issue" as "[t]o be put forth officially" and defining "render" as "to deliver formally").

statutory provisions in all essential and relevant parts. See Town of Fair Haven Zoning Ordinance §§ 666, 667 (1998).[3]

¶ 5. Applicants argue that these laws provide a remedy of deemed approval when the Town negligently fails to follow the procedures set forth therein. Specifically, applicants point out that neither the statute nor the ordinance provides for notification by telephone, and, in any event, there are disputed facts as to whether the board voted to deny their variance application on November 9, 2009 and whether they were notified of that decision the next day by telephone. Applicants further point to the board's failure to notify them in a timely manner of the factual bases for its decision. Applicants also briefly note that the environmental court failed to consider certain substantive issues concerning their application for a variance.

¶ 6. Taking the last claim first, we conclude that applicants did not raise before the environmental court, and thus failed to preserve, any substantive issues regarding the merits of the variance decision. The environmental court noted that the "sole issue" raised by applicants in their appeal of the board's decision was their claim that their application should be deemed approved because of the board's procedural notice violations in issuing its decision. This is confirmed by applicants' statement of questions submitted to the environmental court. On appeal to this Court, applicants have not cited the record to demonstrate otherwise.

¶ 7. Regarding applicants' claim of disputed facts precluding summary judgment, the environmental court found no dispute that the board made a decision to deny applicants' variance request on November 9, 2009. Applicants' lone, unsup-

ported sentence in their brief on appeal stating that this fact was in dispute cannot overcome the environmental court's unchallenged finding that this fact, as confirmed in the three affidavits submitted by the Town, was undisputed. As for applicants' claim that it was disputed whether they were ever orally notified of the decision before they received the written decision shortly after January 15, 2010, the environmental court acknowledged that this fact was in dispute, but determined that the Town was entitled to summary judgment even assuming that the Town had not provided applicants with oral notice of the decision.

¶ 8. Thus, this appeal boils down to whether applicants were entitled to deemed approval of their variance application where the board made a decision on the application before the forty-five-day deadline, but did not notify applicants of the decision or provide them with a written decision until after forty-five days. As we pointed out in *In re Ashline*, because of the prominence of the deemed approval remedy in various contexts in chapter 117 of Title 24, we have construed the relevant statutory language on numerous occasions "and have consistently held that the purpose of the deemed approval remedy provided is to 'remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials.' " 2003 VT 30, ¶ 13, 175 Vt. 203, 824 A.2d 579 (quoting *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988)). "We have cautioned against extending the deemed approval remedy beyond this limited purpose, as improper application 'can operate to grant permits wholly at odds with the zoning ordinance.' " *Id.* (quoting *In re Newton Enters.*, 167 Vt. 459, 465, 708 A.2d 914, 918 (1998)). "Consequently, we have strictly construed the deemed approval remedy to apply only when clearly consistent with the statutory purpose." *Id.*

---

[3] These ordinances were in place at the time of the zoning board's decision in this case, but have since been repealed.

¶ 9. In *Hinsdale v. Village of Essex Junction*, we refused to apply the deemed approval remedy in § 4464's predecessor statute containing similar language in circumstances where the village board of adjustment, following a hearing, orally notified the applicant of its vote denying the permit, but did not mail the written decision to the applicant until after the statutory time period had expired. 153 Vt. 618, 625, 572 A.2d 925, 929 (1990). We held that "a zoning board decision can be considered rendered before notice is mailed to the applicant if the board has made a decision and given the parties actual notice of its action before the expiration of the forty-five day period, regardless of when the decision is reduced to writing." *Id.*; see *In re White*, 155 Vt. 612, 616, 587 A.2d 928, 930 (1990) (stating that deemed approval remedy "is intended to curtail indecision and protracted deliberations in the zoning decisionmaking process" and that Legislature did not intend to defeat zoning appeal scheme based merely on absence of written decision). In strictly construing a remedy with the potential to allow land development that conflicts with local zoning laws, we held in *Hinsdale* that the deemed approval remedy was mandated only when a municipal board failed to render a decision within the statutory time period, not when it failed to give written notice of its decision. *Hinsdale*, 153 Vt. at 623, 572 A.2d at 928. Accordingly, we concluded "that the notice time limit is directory." *Id.*

¶ 10. Applicants seek to distinguish *Hinsdale* by the fact that the board in this case failed to provide even oral notice of its decision. We have already rejected similar arguments in cases that followed *Hinsdale*. In *Leo's Motors, Inc. v. Town of Manchester*, 158 Vt. 561, 613 A.2d 196 (1992), the municipal board denied variance applications within the forty-five-day period but inadvertently failed to mail the decisions to the applicants until after that period had expired. Concluding that "[t]he *Hinsdale* rationale applies just as well to late notice to an applicant as it does to oral notice," we declined to apply the deemed approval remedy to a situation where a decision had been made, but notice of the decision had not been given during the prescribed period because of the inattention of a town clerk. *Id.* at 564, 613 A.2d at 198. Noting that the case involved neither indecision nor protracted deliberation, we stated that "the negligence or inadvertence of a municipal employee unrelated to the timeliness of the decisional process ought not to defeat the strong policies in favor of phasing out nonconforming uses." *Id.* We held that a decision is rendered so as to avoid the deemed approval language as long as it is "finally made before the expiration of the forty-five day period, regardless of when, or if, the decision is reduced to writing." *Id.* at 565, 613 A.2d at 199. We reaffirmed this holding in *In re Griffin*, 2006 VT 75, 180 Vt. 589, 904 A.2d 1217 (mem.), which involved another statutory provision with similar deemed approval language. Once again we held, relying on *Leo's Motors*, that the deemed approval remedy is inapplicable and inappropriate when, absent any policy of delay, a municipal board's decisions are made within the prescribed period but no notice of those decisions is sent to the applicants until after the expiration of that period. *Griffin*, 2006 VT 75, ¶¶ 13-15.

¶ 11. Although the facts in *Leo's Motors* and *Griffin* differ in some respects from the facts in the instant case, the holding in those cases controls the outcome here. As in those cases, the board here made a decision within the prescribed period but failed to notify applicants within that period of the decision and the bases for the decision. Following our previous case law, we will strictly construe the deemed approval remedy to apply only when the decision was not made within the prescribed period, which was not the case

here. Applicants' reliance on *In re McEwing Services LLC*, 2004 VT 53, 177 Vt. 38, 857 A.2d 299, is unavailing. In that case, the municipal board issued "an untimely decision" beyond the prescribed period as the result of protracted deliberations, thereby making the statutory deemed approval remedy appropriate. *Id.* ¶ 21.

*Affirmed.*