MAR 2 2 2012



STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

In Re Bjerke Zoning Permit Denial

Docket No. 72-5-11 Vtec

## Decision on Motion for Summary Judgment

Alan A. Bjerke (Applicant) appeals the City of Burlington Development Review Board's (the DRB) denial of his application for a zoning permit to make certain modifications to property he owns in the City of Burlington, Vermont. The DRB's denial followed Applicant's appeal of a determination by the City of Burlington Zoning Administrator (the ZA) also denying his application. In support of his appeal to this Court, Applicant submitted a Statement of Questions containing three Questions. Currently pending before the Court is Applicant's motion for summary judgment on Question 1. Question 1 asks whether his permit application was deemed approved under the City of Burlington Comprehensive Development Ordinance Section 3.2.5 and 24 V.S.A. § 4448(d).

In this proceeding, Applicant represents himself. The City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

## Factual Background

For the sole purpose of putting the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. On July 7, 2010, Applicant submitted an application for a zoning permit to make certain modifications to property he owns in the City of Burlington, Vermont. Applicant sought to raise 15.5 feet of roofline of his single-family home to match an existing adjacent roofline, modify two porch roofs, and make alterations to the house's windows.

2. Mary O'Neil, from the Burlington Planning and Zoning Office, was assigned as project manager for Applicant's zoning permit request. On July 12, 2010, Ms. O'Neil contacted Applicant via email to advise him that the subject property was listed on the Vermont State Register of Historic Places, and therefore, his zoning permit request could not be granted as proposed because it would violate Section 5.4.8 of the City of Burlington Comprehensive Development Ordinance (Ordinance).

3. In her email, Ms. O'Neil stated that Applicant could either revise his permit application or choose to proceed with a hearing before the Design Advisory Board (the DAB).

4. The DAB is an independent board established by Ordinance Section 2.5.1. Upon the request of the DRB or an administrative officer, the DAB will review certain applications, including those involving historic buildings or sites, and provide written advice and recommendations to the DRB. Ordinance § 2.5.1(b).

5. On July 13, 2010, Applicant emailed Ms. O'Neil to inform her that he did not wish to revise his permit application and to inquire as to when the DAB next had space on its agenda.

6. As a result of this email exchange, Ms. O'Neil put Applicant's project on the DAB agenda for its August 10, 2010 meeting. At that meeting, the DAB reviewed Applicant's zoning permit application but ultimately tabled the application. Notes from the hearing indicate that Applicant's proposed modifications to the porch roofs, window placement, and proposed materials were acceptable to the DAB, but the DAB requested a revision to the proposed roofline changes.

7. The parties dispute the events that occurred in the months following the August 10, 2010 DAB hearing. It is undisputed, however, that Applicant never formally submitted any modifications to the pending application.

8. The ZA ultimately denied Applicant's application on March 4, 2011. Applicant appealed the ZA's denial to the DRB, which also denied the application on May 3, 2011.

9. Applicant then filed a timely appeal of the DRB's decision with this Court.

## Discussion

Applicant appeals the DRB's denial of his application for a zoning permit to make certain modifications to property he owns in the City of Burlington, Vermont (the City). Currently pending before the Court is Applicant's motion for summary judgment on Question 1 of his Statement of Questions. Question 1 asks whether Applicant's permit application was deemed approved under Ordinance Section 3.2.5 and 24 V.S.A. § 4448(d).

For the reasons detailed below, we conclude that no material facts are in dispute. The City took appropriate action on Applicant's application within 30 days of its submission as required by Ordinance Section 3.2.5 and 24 V.S.A. § 4448(d), and therefore, as a matter of law, we cannot deem Applicant's application approved.

## I.   Summary Judgment Standard

A court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is

2

no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012); see also V.R.E.C.P. 5(a)(2). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

When appropriate, summary judgment may be rendered against the moving party. V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012). An updated version of V.R.C.P. 56 took effect on January 23, 2012. Under the new version of that rule, we may grant summary judgment for a nonmovant only "[a]fter giving notice and a reasonable time to respond." V.R.C.P. 56(f)(1) (Jan. 23, 2012).

## II. Deemed Approval

In his motion for summary judgment, Applicant contends that he submitted a completed zoning permit application on July 7, 2010 and that the application was deemed approved on August 7, 2010 because (1) the ZA did not act administratively on the application within 30 days as required by Ordinance Section 3.2.5 and 24 V.S.A. § 4448(d), and (2) the ZA's referral of the matter to the DAB was not the equivalent of a referral to the DRB. In response, the City contends that Applicant's deemed approval argument is unavailing because it does not meet the standards for the deemed approval remedy as established by the Vermont Supreme Court.[1] As discussed below, we conclude that the ZA acted within 30 days of Applicant's filing.

The Vermont Supreme Court has routinely taken a conservative approach in analyzing whether an applicant is entitled to the deemed approval remedy. See In re Appeal of McEwing Servs., LLC, 2004 VT 53, ¶ 21, 177 Vt. 38. The purpose of deemed approval is to "remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." Id. (quoting In re Fish, 150 Vt. 462, 464 (1988)); see also In re Appeal of Morrill House, LLC, 2011 VT 117, ¶ 8 (mem.). The Vermont Supreme Court has "cautioned against extending the deemed approval remedy beyond this limited purpose, as improper application 'can operate to grant permits wholly at odds with the zoning ordinance.'"

---

[1] The City also contends that Applicant's motion for summary judgment should be denied because he did not appeal the DRB's February 15, 2011 decision in which the DRB concluded that the application was not deemed approved. Thus, the City contends that the DRB's decision was final. See 24 V.S.A. § 4472(d). As discussed below, we deny Applicant's motion for summary judgment. We therefore do not need to determine whether the DRB's February 15, 2011 decision was final or not.

In re Appeal of Ashline, 2003 VT 30, ¶ 13, 175 Vt. 203 (quoting In re Appeal of Newton Enters., 167 Vt. 459, 465 (1998)). Therefore, to avoid granting permits that are inconsistent with the zoning regulations, the deemed approval remedy is strictly construed and applies only when it is "clearly consistent with the statutory purpose." Appeal of Ashline, 2003 VT 30, ¶ 13; see also Appeal of Morrill House, 2011 VT 117, ¶ 8; Appeal of Newton, 167 Vt. at 465 (refusing to apply the deemed approval remedy in a "wooden fashion").

The deemed approval remedy has its origin in 24 V.S.A., Chapter 117, and the City has incorporated the provision into its Ordinance. We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. If the plain language resolves the conflict, "there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

Section 4448(d) of Title 24 of the Vermont Statutes Annotated provides that "[i]f the administrative officer fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the appropriate municipal panel, a permit shall be deemed issued on the 31st day." Similarly, the Ordinance provides that:

> The administrative officer shall take action with regard to a complete application within 30 days. Such action shall be to issue a decision on the application pursuant to the authority granted in Sec 3.2.7 of [the Ordinance], or by making a referral to the DRB. Should the administrative officer fail to take any such action, a permit shall be deemed issued on the 31st day pursuant to 24 VSA 4448(d)."

Ordinance § 3.2.5. Thus, under the plain language of the Ordinance, to avoid a complete application being "deemed issued" (i.e., deemed approved), the ZA must, within 30 days of the filing of a complete application, either issue a decision or refer the case to the DRB. Id.

Both 24 V.S.A. § 4448(d) and Section 3.2.5 of the Ordinance allow the administrative officer to take action by "issu[ing] a decision" on the application. A written decision is not required, however, as long as the administrative officer notifies applicants of the decision within the prescribed time period. See Appeal of Morrill House, 2011 VT 117, ¶ 11; see also In re Appeal of Griffin, 2006 VT 75, ¶ 15, 180 Vt. 589 (mem.) ("[A Zoning Board of Adjustment] . . . will be determined to have acted within the statutory time period so long as the 'decision is finally made before the expiration of the . . . period, regardless of when, or if, the decision is

4

reduced to writing or made in writing.'") (quoting Leo's Motors, Inc. v. Town of Manchester, 158 Vt. 561, 565 (1992)).

The Vermont Supreme Court's analysis in Appeal of Trahan NOV is particularly helpful to our analysis here. In Appeal of Trahan NOV, the Town of Fayston informed the applicants that they would need to obtain a permit for a pond that they had previously constructed on their property. 2008 VT 90, ¶ 2. The applicants then submitted a permit application, and shortly thereafter the zoning administrator requested further information about the pond's location. Id. Because the applicants were unsure of the pond's exact location, they granted the zoning administrator permission to visit the property and measure the setback distance. Id. After performing the measurement, the zoning administrator sent the applicants an opinion memorandum, informing them that the pond violated the setback requirements of the Town's zoning regulations. Id. ¶ 3. The zoning administrator then issued a notice of violation to the applicants, which the applicants appealed to the Zoning Board of Adjustment (the ZBA). Id. The ZBA then denied the applicants' application, also finding that the pond encroached on the setback. Id. The applicants appealed the ZBA's decision to this Court and ultimately to the Vermont Supreme Court.

In concluding that the applicants in Appeal of Trahan NOV were not entitled to the deemed approval remedy, the Vermont Supreme Court found that the procedural history presented in the case "represent[ed] the antithesis of indecision or protracted deliberation on the part of zoning authorities" because the zoning administrator immediately began her investigation, diligently notified the applicants of her findings that the pond violated the zoning regulations, and, when the applicants did not respond, issued a notice of violation which the applicants then appealed to the ZBA. Id. ¶ 13. The Court determined that because applicants' pond violated the zoning regulations, the zoning administrator was required to deny the permit unless applicants successfully obtained a variance. Id. ¶ 14. Accordingly, the Court concluded that the notice of violation was "de facto" notice that the permit was denied. Id. Ultimately, the Court concluded that it could not "elevate form over substance" and deem the permit application approved merely because of the "procedural path [that] the zoning administrator took to decide the issues before her." Id.

Here, the parties stipulated to facts relevant to our analysis of whether Applicant is entitled to the deemed approval remedy and, thus, summary judgment on Question 1. That stipulation reveals that it is undisputed that the City took action within 30 days of Applicant's

filing of his application for a zoning permit by providing Applicant with its decision.[2] Applicant filed his application on July 7, 2010. The City acted within five days of the date of that filing by notifying Applicant via email on July 12, 2010 that his application could not be administratively approved because his property was listed on the state Historic Register and approval would conflict with the Ordinance. The City then referred Applicant's application to the DAB within the 30 day period after the application was filed. The DAB held a hearing on August 10, 2010, only 33 days after the application was received. The DAB tabled a decision so that Applicant could submit a revised application.

None of this evidence suggests any indecision or protracted deliberations on the part of the City. Nor did the City engage in deliberate inaction or negligence. From the moment that Applicant filed his application, the City was actively engaged in reviewing it. The interrelationship between the ZA and the DAB allowed the ZA to refer Applicant's application to the DAB for further review. See Appeal of Trahan NOV, 2008 VT 90, ¶ 14 (stating that the argument that a permit request and a violation determination are wholly separate "ignores the interrelationship of the zoning administrator's actions, all of which were triggered by the permit request"). The City routinely communicated with Applicant during the review process, and Applicant was present at the DAB hearing. The City was awaiting further action by Applicant in the form of a revised application that would conform his proposal to the historic preservation requirements of the Ordinance. Employing the deemed approval remedy here would operate to grant Applicant a permit which is at odds with the Ordinance. See Appeal of Ashline, 2003 VT 30, ¶ 13.

Deemed approval is also inconsistent with the statutory purpose. If we were to follow Applicant's logic, the City could not provide applicants with time to revise their projects because the City would always be at risk of projects that do not comply with the Ordinance being deemed approved. We cannot "elevate form over substance" and deem Applicant's

[2] In his reply brief, Applicant contends that the Court cannot consider evidence on which the City relied in its motion in opposition because such evidence is inadmissible as offers to compromise and settlement discussions. See V.R.C.P. 56(e). Contrary to Applicant's argument, the evidence the City sets forth in its memorandum and supporting affidavits can hardly be considered settlement discussions or offers to compromise because each party is simply attempting to consider a proposal that will comply with the Ordinance. We need not decide whether the evidence referenced by the City is admissible, however, because our Decision is based solely on the parties' statement of stipulated facts and does not incorporate any of the City's factual allegations relating to this additional evidence. Applicant's argument that the City cannot rely on a July 3, 2008 unsigned memorandum is also unavailing because we do not rely on that memorandum in rendering this Decision.

permit application approved merely because of the "procedural path that the [City] took to decide the issues before [it]." Appeal of Trahan NOV, 2008 VT 90, ¶ 14.

Accordingly, although the City did not deny Applicant's permit request in writing until March 4, 2011, the parties' stipulated facts indicate that the City took action on the application within 30 days of its filing by providing Applicant with its decision. Any delay was not due to indecision, deliberate inaction, negligence, or protracted deliberations on the part of the City. Rather, the City was waiting for Applicant's project modifications. We therefore conclude, as a matter of law, that Applicant's application was not deemed approved under either 24 V.S.A. § 4448(d) or Ordinance Section 3.2.5.

Although we conclude that the City took action by "issu[ing] a decision," thus preventing Applicant's application from being deemed approved, we also consider whether the ZA's actions constitute a referral to the DRB. Applicant argues that his application should be deemed approved because the ZA's referral of his application to the DAB is not the equivalent of a referral to the DRB.

As stated above, 24 V.S.A. § 4448(d) provides that an administrative officer's timely referral of an application to an appropriate municipal panel nullifies the need for the deemed approval remedy. The definition of "appropriate municipal panel" includes a "legislative body performing development review." 24 V.S.A. § 4303(3). The DAB is an independent board established in Ordinance Section 2.5.1 which is advisory to the administrative and DRB permit review tracks. (See Stipulation to Facts Regarding Question 1, #7, filed Dec. 12, 2011.) We conclude that the ZA's referral to the DAB was therefore a referral to an appropriate municipal panel and was within 30 days, thereby satisfying the requirements of 24 V.S.A. § 4448(d).

The Ordinance, however, expressly states that to avoid the deemed approval remedy, the administrative officer's referral must be to the DRB. Ordinance § 3.2.5. Here, Applicant's application required design review because it sought modifications to Applicant's historic building. Upon request from an administrative officer or the DRB, the DAB is tasked with preparing written advice and recommendations to the DRB regarding applications involving historic buildings or sites. Ordinance § 2.5.1(b). Thus, despite the Ordinance's language discussing the DRB, referral to the DAB comports with the practical workings of the Ordinance. To interpret the Ordinance to solely require referral to the DRB in this matter would render the DAB meaningless, a result which we are careful to avoid. See Lubinsky, 148 Vt. at 49 (stating that "the paramount function of the court is to give effect to the legislative intent"); In re

7

Hartland Group North Ave. Permit, 2008 VT 92, ¶ 11, 184 Vt. 606 (citing Bergeron v. Boyle, 2003 VT 89, ¶ 11, n.1, 176 Vt. 78 for the proposition that courts will avoid a construction that leads to absurd results); In re Appeal of Pearl Street Mobile, No. 87-5-99 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 23, 2000) (Wright, J.) ("[T]he zoning ordinance cannot be interpreted to yield an absurd result."). We therefore conclude, as a matter of law, that the ZA's timely referral of Applicant's application to the DAB is further action preventing the application from being deemed approved.

Accordingly, we conclude that the City took appropriate action on Applicants' application within 30 days. The City notified Applicant that his application could not be approved as proposed and waited for Applicant's modifications. There was no indecision, deliberate inaction, negligence, or protracted deliberations on the part of the City. Moreover, the City timely referred Applicant's application to the DAB. Thus, we conclude that the application is not deemed approved under 24 V.S.A. § 4448(d) or the Ordinance.

## Conclusion

For the reasons detailed above, we conclude that the undisputed facts indicate that the City took appropriate action on Applicant's application within 30 days of its submission. Thus, the application is not deemed approved under 24 V.S.A. § 4448(d) or the Ordinance. We therefore **DENY** Applicant's motion for summary judgment on Question 1. We are also inclined to conclude that the City is entitled to judgment as a matter of law on Question 1. However, before we grant summary judgment for the City, we wish to give Applicant notice and a reasonable time to respond. Although Applicant filed his motion for summary judgment before the new version of V.R.C.P. 56 took effect, we adopt the philosophy and policy of that new version. Accordingly, Applicant has 15 calendar days from the date of this decision to respond.

Done at Berlin, Vermont this 22 day of March, 2012.

Thomas G. Walsh,
Environmental Judge

8