**State of Vermont**
**Superior Court—Environmental Division**

====================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
====================================================================

**In re Main St. Place, LLC (PC tie vote)**                    **Docket No. 168-11-11 Vtec**
**(Appeal of claimed non-decision by Planning Commission)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: December 23, 2011

Filed By: Applicant/Cross-Appellant Main Street Place, LLC

Response filed on 1/30/12 by Appellant Village of Derby Line

Reply filed on by 3/2/12 by Main Street Place, LLC

Title: Cross-Motion for Partial Summary Judgment (Filing No. 3)

Filed: January 30, 2012

Filed By: Village of Derby Line

Response filed on 3/2/12 by Main Street Place, LLC

Supplemental memoranda filed on 5/7/12 by Village of Derby Line

Supplemental memorandum filed on 5/15/12 by Main Street Place, LLC

 _X_ Granted (as to Applicant's motion)        _X_ Denied (as to the Village's cross-motion).

Currently before the Court are five separate, but related, appeals concerning municipal land use permits for development activities on the same two lots: 50 and 58 Main Street in the Village of Derby Line, Vermont. The above Docket is an appeal by the Village of Derby Line ("the Village"), as well as a cross-appeal by Main Street Place, LLC ("Applicant"), of a tie vote by the Town of Derby Planning Commission ("the Planning Commission") in response to Applicant's application for site plan approval to raze the existing buildings on the two lots, bring the areas to grade, and replant the areas.

Now pending in this appeal are cross-motions for summary judgment filed by Applicant and the Village on each party's first Question from both Applicant's Statement of Questions and the Village's Statement of Questions. Both Questions concern whether Applicant's proposal for site plan approval was deemed approved. Applicant argues that it is entitled to summary judgment because its application was deemed approved when the Planning Commission failed to reach a decision on its application within 45 days as required by 24 V.S.A. § 4464(b). The Village argues that the Planning Commission's tie vote and the meeting minutes containing the vote constitute a decision that prevents the application of the deemed approval remedy.

When considering cross-motions for summary judgment, we are cautioned to only grant summary judgment to a moving party if that party shows that "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).[1]  In determining whether this standard is met, we give each party the benefit of all reasonable doubts and inferences.  City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)).  We "accept as true the [factual] allegations made in opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material."  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

**Procedural Facts**

Whether an application is deemed approved turns largely on the procedural facts, all of which are undisputed here.  On August 1, 2011 and September 12, 2011, the Planning Commission held public hearings on Applicant's proposal for site plan approval to demolish existing buildings at 50 and 58 Main Street in the Village of Derby Line, bring the areas to grade, and replant them.  Four Planning Commission members were present during both days of the hearing, and on September 12 they voted unanimously to close the hearing on Applicant's application.  The minutes for the September 12 meeting reflect that "[t]he applicant was informed that the commission has 45 days to render a decision and they will be notified when a decision has been made."  (Mot. for Summ. J., Ex. 3 at 1, filed Dec. 23, 2011.)

The minutes for the September 12 meeting also reflect that toward the end of the meeting, a Planning Commission member made a motion to "grant site plan approval for application 11-001 by Main Street Place LLC as per the most recent site plan," subject to one condition.  (Id., Ex. 3 at 2).  Two Planning Commission members voted for the motion, and two voted against the motion.  The meeting minutes report that "[n]o decision was made as it was a 2 – 2 tie."  (Id.)

During the subsequent September 26, 2011 Planning Commission meeting, the Planning Commission voted to approve the meeting minutes from September 12.  The Town of Derby Zoning Administrator sent a letter dated November 7, 2011 to the then-attorney for Applicant that reads as follows:

> This letter is to inform you that on September 12, 2011 the Planning Commission's [sic] closed the hearing on application 11-001 by Main Street Place LLC.  After deliberations motion was made to grant the application with conditions, and the motion ended in a 2-2 tie vote.  In the 45 days since closing the hearing no other motions have been made in regards to this application.
>
> Attached are the minutes to the August 1, 2011 and September 12, 2011 Planning Commission meetings.

(Main Street Place, LLC's Response to the Village of Derby Line's Response to Mot. for Summ. J. and Cross Mot. for Partial Summ. J. (Deemed Approval), Ex. 1 at 1, filed Mar. 2, 2012.)

No reference to Applicant's application is made in the minutes for the Planning Commission's September 26, 2011 meeting or its subsequent October 24, 2011 meeting.  On

---

[1]  We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012, subsequent to the filing of Applicant's pending motion but before the filing of the Village's pending motion.  We analyze the pending motions, and all other motions for summary judgment filed in the four related appeals concerning 50 and 58 Main Street in the Village of Derby Line, under the current version of the rule because the rule change does not affect our analysis.

September 26, 2011, the Town of Derby Selectboard voted to approve a fifth member of the Planning Commission. The newly appointed member was not present during the August 1 or September 12, 2011 Planning Commission meetings.

**Deemed Approval**

As the facts material to our assessment of whether Applicant's proposal for site plan approval was deemed approved are undisputed, we now consider whether either the Village or Applicant is entitled to judgment as a matter of law on this question.

Deemed approval is a remedy for delay that originates from the requirement that a municipal panel must "issue a decision within 45 days after the adjournment of the hearing" on an application for a zoning permit. 24 V.S.A. § 4464(b)(1). Such decisions must "be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its conclusions and statement of the conclusions." Id. Additionally, a majority of the panel members must vote in favor of a motion made by a panel member in order to approve the motion. See 24 V.S.A. § 4461(a) ("[A]ny action of the panel shall be taken by the concurrence of a majority of the panel.").

The Vermont Supreme Court has consistently stated that applications will be deemed approved pursuant to the statute only when doing so will "remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." In re Appeal of McEwing Servs., LLC, 2004 VT 53, ¶ 21, 177 Vt. 38 (quoting In re Fish, 150 Vt. 462, 464 (1988)). The Court has affirmatively stated that it will not extend the application of the doctrine beyond this purpose because its "improper application . . . can operate to grant permits wholly at odds with the zoning ordinance." In re Appeal of Newton Enters., 167 Vt. 459, 465 (1998).

The Vermont Supreme Court has found, on no less than three occasions, that deemed approval is not appropriate when a municipal panel actually makes a decision within the prescribed statutory period, even if the actual notice of the decision, and of the bases for the decision, is not sent to the applicant until after expiration of that time period. See In re Appeal of Morrill House, LLC and Smith Variance, 2011 VT 117, ¶¶ 10, 11 (reaching this conclusion and summarizing the two prior cases where the Court had also reached this conclusion). The only caveat is that the late notice cannot result from a policy to delay. See id. at ¶ 10. In Appeal of Newton Enterprises, the Vermont Supreme Court determined that deemed approval was also not appropriate in a situation where a municipal panel's vote to deny an application was defective, but the panel issued a decision denying the application, and the votes taken were "sufficient that the outcome could not change by the involvement of other members of the board." Id., at 461, 465–66.[2]

One of the only court-directed instances in which deemed approval has been applied was in Appeal of McEwing Services, LLC, a case in which a municipal panel held multiple deliberative sessions stretching over a period of more than four months after the panel had

---

[2] In Appeal of Newton Enterprises the vote—a vote of three against, one for—was defective because less than a majority of the seven-member panel reached consensus. 167 Vt. at 463–65 (referencing a previous version of 24 V.S.A. § 4461(a), formerly codified as 24 V.S.A. § 4462(a)). The Court concluded that even if the absent panel members had voted in favor of the proposed development, those votes could not have changed the decision from denial to approval. Id. at 165.

effectively closed the public hearing on the application pending before it.  2004 VT 53, ¶¶ 13–15, 177 Vt. 38.  The Court concluded that the panel's actions amounted to issuing an "untimely decision that resulted from protracted deliberations," exactly what the principle of deemed approval is meant to remedy.  Id. at ¶ 21.  The Court contrasted the situation in Appeal of McEwing Services with cases involving "timely rendered, but technically deficient or insufficiently noticed decisions."  Id.

Considering the procedural facts here, we first determine that the matter before us is not a situation in which the municipal panel, i.e., the Planning Commission, delayed in issuing a decision.  The Planning Commission voted on Applicant's proposed site plan the same day as it closed the public hearing on its application.  While the results of the vote were written and conveyed to Applicant, in a letter, more than 45 days after the hearing closed, the Planning Commission completed its vote within the 45 days.

We further note that the two-to-two tie vote reached by the Planning Commission on September 12, 2011 followed a motion by a Planning Commission member to approve the pending application.  That motion failed when a majority of the Planning Commission members appointed at the time did not vote in favor of the motion.  See 24 V.S.A. § 4461(a) (requiring "concurrence of a majority of the panel" for actions by the panel).

What distinguishes the situation here from the cases discussed above is that the minutes for the September 12, 2011 Planning Commission meeting affirmatively state that "[n]o decision was made" on Applicant's proposed site plan, and that nowhere in those minutes, or in the subsequent letter to Applicant, is an indication that the Planning Commission regarded its tie vote as a legal conclusion denying Applicant's application.  (Mot. for Summ. J., Ex. 3 at 2.)

We conclude that this is one of the rare instances in which an applicant is entitled to deemed approval.  While the motion to approve Applicant's application received favorable votes by less than a majority of the members appointed at the time, the Planning Commission declared that its vote equated to "[n]o decision."  (Mot. for Summ. J., Ex. 3 at 2.)  The Village purports that the tie vote should be considered a de facto denial of Applicant's application, but we are unable to reach that conclusion due to the affirmative statement of the Planning Commission that it made no decision on Applicant's application and the lack of any notice in either the Planning Commission's meeting minutes or the letter to Applicant that it had reached a legal conclusion denying Applicant's application.  We regard the actions taken by the Planning Commission in the proceeding below as a form of indecision that that the principle of deemed approval is meant to remedy.

We note that this is not a situation where the application of deemed approval results in the granting of a permit "wholly at odds with the zoning ordinance."  Appeal of Newton Enters., 167 Vt. at 462.  Here, the tie vote evidences that half of the Planning Commission members appointed at the time determined that Applicant's application does comply with the relevant municipal regulations.  If the vote had been delayed until a fifth Planning Commission member was able to review and vote on the application, that vote could have lead to approval of the application.

For these reasons, we conclude that the Planning Commission never reached a decision on Applicant's application for site plan approval, and that, therefore, Applicant's proposal was deemed approved 45 days after the Planning Commission closed its public hearing on the proposal—that is, it was deemed approved on October 27, 2011.  We therefore **GRANT**

Applicant's motion seeking summary judgment that its application was deemed approved and **DENY** the Village's cross-motion on this issue.

## Conclusion

Although we conclude that Applicant's application was deemed approved, these rulings do not conclude the matter before us.  Qualifying parties are entitled to appeal a deemed approved decision of an appropriate municipal panel under 24 V.S.A § 4471(a), just as they can appeal affirmatively rendered decisions.  To hold otherwise would create a perverse incentive for applicants to encourage delay in the proceedings of an appropriate municipal panel.

Generally, appeals from the decisions of municipal panels must be filed 30 days after the date of the decision, and an additional 34 days is granted for subsequent cross-appeals. V.R.E.C.P. 5(b), (f).[3]  Here, the Village's notice of appeal was filed on November 15, 2011, within thirty days of Applicant's proposal becoming deemed approved, and Applicant's cross-appeal followed on November 29, 2011, also within the required time period.

Because the first Question from both Applicant's and the Village's Statement of Questions is addressed by our resolution of the cross-motions for summary judgment, the only Questions remaining for our review in Docket No. 168-11-11 Vtec are Question 2 from the Applicant's Statement of Questions and Questions 2 and 3 from the Village's Statement of Questions.  The parties should prepare to address those legal issues at trial.

| | |
|---|---|
| _____ | _____June 19, 2012_____ |
| Thomas S. Durkin, Judge | Date |

==============================================================================

Date copies sent to:  _____                          Clerk's Initials _____

Copies sent to:

  Jon T. Anderson, Attorney for Main Street Place, LLC

  Paul S. Gilles, Attorney for Village of Derby Line

---

[3]  Cross-appeals must be filed within 14 days after the original appellant files a statement of questions, which is due 20 days after the original notice of appeal is filed.  V.R.E.C.P. 5(b), (f).