**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   O R D E R**
======================================================================

**Brisson et al. v. Town of Monkton**                    **Docket No. 24-2-13 Vtec**

Title: Plaintiffs' Motion to Reconsider and Motion to Continue Hearing

Filed: January 8, 2014

Filed By: Plaintiffs/Applicants Brisson Stone, LLC, Allan Brisson, and Michael Brisson


___ Granted                    _X_  Denied                    ___ Other


Brisson Stone, LLC, Allan Brisson, and Michael Brisson (Applicants) ask this Court to reconsider our December 23, 2013 decision denying Applicants' motion for summary judgment. Applicants also ask the Court to continue the evidentiary hearing scheduled for January 17, 2014.

Applicants filed their request for reconsideration under V.R.C.P. 59(e). Rule 59(e), however, deals with alteration or amendment of a final judgment. Although we have treated motions to reconsider interlocutory orders as Rule 59(e) motions in the past, V.R.C.P. 54(b) is the more appropriate grant of our authority to review such orders. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.). V.R.C.P. 54(b) provides that, absent a final judgment, "any order or other form of decision" adjudicating fewer than all of the claims or fewer than all the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." We also note that neither the Vermont Rules for Environmental Court Proceedings nor the Vermont Rules of Civil Procedure require us to consider a motion to reconsider an interlocutory order that does not conclude a case. Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 3.

In addressing a motion to alter made pursuant to Rule 54(b), we apply the legal standard applicable to ruling on a Rule 59(e) motion. Id. at 4. It is within the Court's discretion to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). We view alteration or amendment of a prior decision of this Court as an "extraordinary remedy." Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 4.

Applicants base their motion on the first reason, arguing that the Court made a manifest error of law in need of correction. We find no such error in our prior decision and therefore must deny the present motion. We take this opportunity, however, to clarify our prior decision.

We first note that the Vermont Supreme Court has consistently held that the remedy Applicants seek, deemed approval, must be strictly construed and conservatively applied. E.g., In re Morrill House, LLC, 2011 VT 117, ¶ 8, 190 Vt. 652. We are thus cautious not to extend this remedy beyond the plain language of the statute and the prior decisions of this Court and the Vermont Supreme Court.

The deemed approval statute is clear that the adjournment of the public hearing triggers the deemed approval clock. 24 V.S.A. § 4464(b)(1) ("The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day."). Our Supreme Court has held that "a public hearing occurs for purposes of [deemed approval] if: (1) the hearing is open to the public, (2) the applicant receives notice of the hearing, (3) the board offers an opportunity for interested persons to be heard on the issues before it." In re Fish, 150 Vt. 462, 465 (1988). Thus, we find no error in our legal analysis in holding that where a Town establishes that it held a continued public hearing that met all three Fish factors, the deemed approval clock will ordinarily not begin to run until the adjournment of that public hearing.

We agree with Applicants that § 4464(b)(1) permits a municipal panel to continue a hearing only "pending submission of additional information." Our December 23 decision was consistent with this conclusion. As stated, we concluded that where a municipal panel formally continues a public hearing to a date certain and holds a hearing at the specified time that meets all three Fish factors, we will ordinarily view that continuation as being "pending the submission of additional information." This does not mean that the municipal panel must know of specific information to be submitted at a future hearing, and we will not use hindsight to make our own determination of the effective close of evidence and then set the deemed approval clock at that point. This is because the statute and Vermont Supreme Court precedent make clear that it is only the adjournment of the public hearing that starts the deemed approval clock.

Applicants argue that because the undisputed facts show that "the DRB specifically closed the evidence" at the October 2012 hearing they are entitled to deemed approval. We disagree that such facts are undisputed. We did note in our prior decision that where a municipal panel holds a continued hearing that meets all three Fish factors for the sole purpose of prolonging deliberations and tolling the deemed approval clock, application of the deemed approval remedy would be appropriate despite the Fish factors being met. To the extent that Applicants believe that this is the case here, they have an opportunity to present such evidence at the January 17, 2014 evidentiary hearing.

Despite Applicants' repeated assertions in their motion for reconsideration that the "facts are undisputed" and "the record is clear," we held in our December 23 decision that there was a dispute of material fact. Moreover, we concluded that the facts in the record, viewed in the light most favorable to the Town, did not establish that Applicants were entitled to judgment as a matter of law.

Applicants also move to postpone the January 17 hearing. We see no reason why this hearing should not take place at its previously scheduled time on January 17, 2014.

For the reasons stated above, Applicants' Motion for Reconsideration of Denial of Summary Judgment is **DENIED** and Applicants' Motion to Continue is **DENIED**.


_____                        _____January 10, 2014_____
         Thomas G. Walsh, Judge                                              Date
=================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
   Matthew Rohrbaugh, Attorney for Plaintiff Brisson Stone, LLC
   Matthew Rohrbaugh, Attorney for Plaintiff Allan Brisson
   Matthew Rohrbaugh, Attorney for Plaintiff Michael Brisson
   Liam Murphy, Attorney for Defendant Town of Monkton
   James Dumont, Attorney for Interested Person Claudia Orlandi
   David Shlansky, Co-Counsel for Plaintiff
   Colin Hagan, Co-Counsel for Plaintiff
   Damien Leonard, Co-Counsel for Defendant