STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 11-1-15 Vtec

Deso Leduc PUD Deemed Approval

DECISION ON MOTION

**Decision on Motion for Summary Judgment**

The matter before the Court relates to the application of Deso Luduc Properties LLC (Applicant) for a 12-unit residential subdivision located on Lampkin Street in the Town of Highgate, Vermont (the Project). Pursuant to the Town of Highgate, Vermont Subdivision Regulations (the Regulations) the subdivision requires several rounds of review. Applicant filed its application on April 29, 2014 and after a public hearing, the Town of Highgate Development Review Board (DRB) granted Applicant sketch plan approval. Applicant provided additional information to the DRB, which held a site visit at the subject property as well as multiple public hearings on preliminary plat approval.

Following these events, the DRB requested that an independent engineer review the Project and the suitability of the subject parcel for the development at Applicant's expense. Applicant advised the DRB that it would not hire an independent engineer and requested that the DRB issue a decision based on the evidence it had provided.

The Town Zoning Administrator (ZA), on behalf of the DRB, advised Applicant that the DRB would not rule on the preliminary plat and the matter was continued until the independent engineer's report was provided. Applicant again advised that it would not pay for an independent review and was not submitting any additional evidence and requested that the hearing be closed and the DRB issue a decision. The ZA, again on behalf of the DRB, continued to maintain that the independent assessment was required prior to closure of the evidence. The ZA also stated that the Applicant had until March 31, 2015 to comply with the DRB's request for an independent assessment and that if Applicant continued to refuse to provide the

independent assessment the DRB would give the Applicant's refusal due weight in considering the application.

Applicant filed a notice of appeal in this Court on January 30, 2015 appealing the DRB's decision not to close the evidence until an independent engineer had provided an assessment of the Project. Applicant now moves for summary judgment and asks the Court to find the application was deemed approved as a matter of law pursuant to 24 V.S.A. § 4464(b)(1).

Applicant is represented in this appeal by Lisa B. Shelkrot, Esq. and the Town of Highgate (the Town) is represented by Edward G. Adrian, Esq.

### Factual Background

For the sole purpose of putting the pending motion into context the Court recites the following facts, which are undisputed.

1. On April 29, 2014, Deso Leduc Properties LLC filed an application for a 12-unit residential development located on Lampkin Street in the Town of Highgate, Vermont.

2. The property on Lampkin Street is a reclaimed sand pit.

3. On June 12, 2014, the Highgate Development Review Board held a public hearing on sketch plan review for the project. At the public hearing, Mr. Yates, a neighboring property owner raised concerns about the project. The hearing was recessed and a second public hearing was held on July 17, 2014.

4. Due to concerns about whether all neighboring property owners had received notice of the hearings, the DRB again continued the sketch plan review hearing.

5. The DRB held a third hearing on sketch plan review on August 14, 2014. The DRB voted to authorize Applicant to proceed with preliminary plat review for the project. The vote was followed up by a written letter dated August 25, 2014.

6. On September 17, 2014, Applicant filed supplemental materials prepared by its engineer Brad Ruderman in anticipation of a hearing on preliminary plat approval scheduled for October 9, 2014.

7. On October 9, 2014, the DRB, Applicant's representatives, and other interested parties conducted a site visit at the subject property followed by a public hearing on the preliminary plat review. Mr. Yates again raised concerns about the suitability of the

2

subject parcel for the development, including concerns about the depth of the water table and trees alleged to have been buried on the sloped portions of the property.

8. The DRB continued the public hearing on preliminary plat review and requested that Applicant provide additional information for consideration.

9. On November 13, 2014, the DRB held a second public hearing on preliminary review of the project. Mr. Yates again raised concerns about the amount of topsoil and the depth of the water table as well as concerns about trees buried on the property. The ZA and the DRB concluded that they would like the project reviewed by an independent engineer at Applicant's expense. Applicant requested that the DRB issue a decision on the evidence before it, but the DRB voted to continue the public hearing to provide time for Applicant to select and pay for an independent engineer to review the project.

10. On December 1, 2014, Applicant's legal counsel wrote to the ZA advising that Applicant would not be hiring a second engineer and would not submit further evidence and requested that the DRB close the hearing and issue a decision.

11. On December 3, 2014, the ZA responded advising that the DRB would discuss the application at its next meeting. The DRB met on December 11 but the minutes of the public hearing do not reflect that the DRB discussed the application during the public meeting.

12. On December 11, the ZA wrote to Applicant on behalf of the DRB that the DRB was still requiring an independent assessment by one of a list of independent engineers and that Applicant was required to pay for the independent assessment. The ZA indicated that the matter was continued until the independent assessment was provided.

13. Applicant, through legal counsel, wrote to the DRB on December 18 indicating that it would not pay for an independent review and would not submit any additional evidence in connection with the preliminary plat review. Applicant again requested that the DRB close the evidence and issue a decision on preliminary plat review.

14. The ZA responded by letter dated December 31, repeating that the independent assessment, paid for by Applicant, was required before the DRB would close the preliminary plat hearing and that once received, the DRB would close the evidence and

consider the application. The ZA stated that the DRB was giving Applicant until March 31, 2015 to comply with the DRB's request and if Applicant continued to refuse to provide the independent engineers' review of the project, the DRB would give Applicant's refusal the weight it is due in considering the application.

15. On January 30, 2015 Applicant appealed the December 31 letter from the ZA to this Court.

## Analysis

Applicant now moves for summary judgment in its favor arguing that based on the undisputed facts above, its application should be deemed approved by operation of law pursuant to 24 V.S.A. § 4464(b)(1). The Town opposes the motion, arguing that Applicant is not entitled to deemed approval because the evidence on the application was never closed and the public hearing never adjourned and that the DRB was not, therefore, required to make a decision within the timeframe suggested by Applicant. The Town also argues that Applicant's failure to provide the requested information resulted in an incomplete application and that Applicant cannot benefit from its bad faith refusal to comply with the DRB's request.

### I. Summary Judgment Standard

The Court must grant summary judgment to a moving party if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When appropriate and after giving notice and reasonable time to respond, the Court may grant summary judgment in favor of the nonmoving party. V.R.C.P. 56(f).

### II. Deemed Approval

The deemed approval remedy for an application before an appropriate municipal panel is established by 24 V.S.A. § 4464(b)(1), which states in relevant part:

> The appropriate municipal panel may recess the proceedings on any application pending submission of additional information. The panel should close the evidence promptly after all parties have submitted the requested information.

4

The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day.

In interpreting and applying this statutory provision, we are required to apply the plain meaning of the statutory language in order to give effect to the legislature's intent. State v. O'Neill, 165 Vt. 270, 275 (1996). By its plain language, § 4464(b)(1) indicates that the legislature intended the adjournment of a hearing following the closing of evidence to have a binding effect on the municipal panel. Specifically, the statute states that the "[t]he panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing." 24 V.S.A. § 4464(b)(1).

The Vermont Supreme Court has taken a conservative approach in applying the deemed approval remedy. It has "refused to apply the statute in a 'wooden fashion,' and [has] reserved it for cases where it clearly implements the statutory purpose." In re McEwing Servs., LLC, 2004 VT 53, ¶ 21, 177 Vt. 38 (quoting In re Newton Enters., 167 Vt. 459, 465 (1998)). The statutory purpose of deemed approval is to "remedy indecision and protracted deliberations on the part of zoning boards and to eliminate deliberate or negligent inaction by public officials." In re Fish, 150 Vt. 462, 464 (1988). In determining whether application of deemed approval is appropriate "[w]e must balance this purpose against the paramount obligation to protect the safety and general welfare of the public." Newton Enters., 167 Vt. at 465. Only where the municipal panel issues "'an untimely decision' beyond the prescribed period as the result of protracted deliberations" is the deemed approval remedy appropriate. In re Morrill House, LLC, 2011 VT 117, ¶ 11, 190 Vt. 652 (quoting In re McEwing Servs. LLC, 2004 VT 53, ¶ 21).

In the present matter it is undisputed that the DRB never closed the evidence or adjourned the hearing. Despite this fact, Applicant argues that the application is deemed approved because the DRB should have closed the hearing when Applicant asked it to and that because the DRB failed to make a decision within 45 days of when Applicant made this request. This position is unsupported by both the plain language of the statute or any supporting caselaw and by the undisputed facts of the case.

Central to this conclusion is the fact that the DRB, through the ZA, repeatedly informed Applicant that it required an independent engineering assessment of the project before it could

5

issue a decision. The Town maintains that this requirement is supported by the Regulations and the law. Applicant does not directly argue this point, but instead asserts that the issue of whether the DRB could require the assessment is not relevant in light of both Applicant's continued refusal to provide it and the DRB's failure to act in light of that refusal.

The Regulations provide that "[s]hould the Commission deem it necessary to employ an engineer to review any plans provided by the applicant, the costs of such engineer shall be borne solely by the applicant." Regulations § 910. The DRB acted pursuant to this section in requiring, unambiguously, that Applicant pay for an independent engineer. A municipality, in adopting land use regulations, is specifically authorized by statute to "establish procedures and standards for requiring an applicant to pay for reasonable costs of an independent technical review of the application." 24 V.S.A. § 4440(d).

Here, Applicant simply refused to comply with the DRB's request and asked the DRB close the evidence, adjourn the hearing, and issue a decision. It is the DRB that is permitted under the statute to close the evidence and adjourn the hearing. Applicant does not have the authority to force the DRB to take this action in response to the DRB's request for additional information it is entitled to request.

While the DRB certainly could, and likely should, have simply denied the application once it became clear that Applicant would not comply with this requirement, it did not do so. Instead, the DRB chose to continue the hearing until the independent engineer was hired. We have suggested before that a municipal panel cannot avoid deemed approval by continuing a hearing with no valid purpose other than to toll the deemed approval clock and allow itself additional time for protracted deliberations. See Brisson v. Town of Monkton, No. 24-2-13 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2014) (Walsh, J.). This, however, is not that case. The DRB indicated that it was not able to deliberate or make a decision on the application until the independent review was provided. It is Applicant's refusal to comply with this request that caused the resulting delay. The DRB likely should have heeded Applicant's request and closed the hearing prior to the March 31, 2015 deadline and rendered a decision on the application considering, in part, Applicant's refusal to provide the requested

6

information.  The DRB's failure to close the evidence and render a decision prior to the March 31 deadline is not, however, grounds for granting the deemed approval remedy.

## Conclusion

Applicant is not entitled to deemed approval of its preliminary plat application because the deemed approval clock did not begin to run as the DRB never closed the evidence or adjourned the hearing.  Where a DRB requests additional information, an applicant cannot simply refuse to provide it and use that refusal as grounds for deemed approval.  Such an approach is not supported by the plain language of 24 V.S.A. § 4464(b)(1).  Applicant's motion for summary judgment is therefore **DENIED**.  Questions 7 and 8 of Applicant's Statement of Questions ask whether the project was deemed approved.  For all of the reasons stated above we answer those two questions in the negative; the preliminary plat was not deemed approved.  Questions 7 and 8 are therefore resolved.  No party has moved for judgment on Questions 1–6 and 9 and those Questions remain in this appeal.  This matter has been set for a status conference, per the notice issued with this decision, in order to determine how to move the remaining issues to resolution.

Electronically signed on August 18, 2015 at 11:55 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division